ELIZA GIBSON v. MICHAEL SIMMONS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued March 28, 1890—Decided April 7, 1890.

An order opening a judgment entered upon a scire facias to revive and staying proceedings upon an execution issued, to let the defendant into a defence, rests in the sound discretion of the court below, and such order is not reviewable on appeal to the Supreme Court.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 110 January Term 1890, Sup. Ct.; court below, No. 35 June Term 1874, C. P. No. 3.

On May 3, 1874, Eliza Gibson brought case against Michael Simmons, and on October 10, 1874, judgment was entered in favor of the plaintiff for want of an affidavit of defence, and sum due liquidated at $127.80. On November 22, 1879, after writs of scire facias and alias scire facias were returned nihil habet, judgment of revival of said judgment was entered, and the sum due liquidated at $167.12. On August 31, 1889, a scire facias to revive the judgment again was issued, which was returned "made known," and on September 21, 1889, judgment of revival was entered for want of an affidavit of defence, and sum due liquidated at $265.72.

A fieri facias having issued on September 25, 1889, whereon

Opinion of the Court.

a levy was made upon defendant's property and notice of inquisition given, the defendant on October 3, 1889, presented a petition in which he denied any indebtedness to the plaintiff upon the original cause of action, and averred that on the return day of the scire facias issued August 31st, he appeared at the court house and "waited for some further notice in said case," and, in ignorance of his duty to file an affidavit of defence, supposed that by so appearing he had done all he was required to do, etc., etc.   Upon this petition, a rule was granted to show cause why the judgment should not be opened, etc., the proceedings on the writ of fieri facias to stay, etc., which rule on October 12, 1889, was made absolute.

Thereupon, the plaintiff took this appeal, specifying that the court erred: 1. "In opening the judgment more than fourteen years after the end of the term at which it was rendered." 2. "In staying the writ of fieri facias issued on said judgment."

*Mr. Albert E. Peterson*, for the appellant.

Counsel cited: Brooks v. Smyser, 48 Pa. 86; Philadelphia v. Coulston, 118 Pa. 541; Pontius v. Nesbit, 40 Pa. 309; Feagley v. Norbeck, 127 Pa. 238; Patterson v. Patterson, 27 Pa. 40; Jenkintown N. Bank's App., 124 Pa. 337.

*Mr. A. S. Ashbridge, Jr.*, for the appellee, was not heard.

In the brief filed, counsel cited: (1) Riegel v. Wilson, 60 Pa. 388; Breden v. Gilliland, 67 Pa. 34.   (2) McKee v. Sanford, 25 Pa. 105; Bunce v. Wightman, 29 Pa. 335; White v. Leeds, 51 Pa. 187.

PER CURIAM:

This was an appeal from the order of the court below opening the judgment and staying the execution.   The judgment was entered upon a scire facias to revive.   It is almost unnecessary to say that no appeal lies in such case.   The opening of such a judgment rests in the sound discretion of the court below.   The act of 1877, allowing appeals from the order of the Common Pleas opening a judgment, applies only to judgments entered by virtue of a warrant of attorney or upon a judgment note.   In Jenkintown N. Bank's App., 124 Pa. 337, the execution was not set aside; it was merely stayed.   The

Statement of Facts.

authorities cited in regard to the setting aside of an execution do not apply.

> Order affirmed, and the appeal dismissed, at the costs of the appellant.