## Wolf *v.* Augustine.

*Referee—Findings of fact—Review.*

The findings of fact by a referee, when approved by the court below, will not be set aside by the Supreme Court, except for clear error, even where the testimony is conflicting, and the merits may appear contrary to the referee's conclusions.

Argued May 8, 1900. Appeal, No. 103, Jan. T., 1900, by defendants, from decree of C. P. Fayette Co., No. 204, in equity, overruling exceptions to referee's report in case of Joseph Wolf v. Jasper Augustine, Ross Augustine and Jasper Augustine, executor of Daniel Augustine. Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an account.

Assumpsit on promissory notes.

From the record it appeared that the two cases were referred to John B. Head, Esq., as referee.

The referee filed a very lengthy report in favor of the plaintiff.

Numerous exceptions to the report were filed by the defendant. The material exceptions were to the findings of fact, and all were overruled by the court. The case sufficiently appears by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to the referee's report.

*F. J. Kooser*, of *Kooser & Kooser*, and *A. D. Boyd*, for appellants.

*R. H. Lindsey*, of *Lindsey & Johnson*, with him *L. K. Porter* and *Robinson & McKean*, for appellee.

OPINION BY MR. JUSTICE BROWN, October 8, 1900 :

In disposing of this appeal we are once more called upon to declare that we will not set aside the findings of fact by a referee, when approved by the court below, except for clear error, even where the testimony is conflicting and the merits may appear contrary to the referee's conclusions : Stocker v. Hutter, 134 Pa. 19.

We are asked to pass upon twenty five assignments of error, all of them practically relating to questions of fact. In the first twenty-one nothing is brought to our attention except alleged mistaken findings by the referee, and their approval by the court below. All the facts in this rather remarkable case were manifestly heard with great patience by a very competent and intelligent referee, whose findings were adverse to the appellants. On exceptions to these findings there was a careful review of them by the court below, requiring the examination of the entire record and the reading of upwards of 1,200 typewritten pages of testimony, and the conclusion of the learned judge was that the referee had not been mistaken. Twice the facts have been found against the appellants, and now they ask us that ours shall be the third finding and in their favor. If the findings are plainly erroneous and there was no evidence to warrant them, our duty will be to correct them, but we cannot interfere simply because from the evidence as it is presented in the paper-book, we might have found differently. "Very often the testimony presented to us in paper-books seems not to warrant the findings, but we know full well, there probably was much at the hearing to induce belief or disbelief, which does not and cannot find its way to the printer. The manner of a witness, his intelligence, acuteness of perception, and opportunities for observation, all are matters which influence the master, but cannot be fully transferred to the report. Besides, there is more or less abbreviation, lack of emphasis, and error in the most accurate transcripts of testimony. So, notwithstanding the

urgent appeal of counsel for appellant, we must adhere to the rules so often announced before, and so recently in Stocker v. Hutter, 134 Pa. 19: " Brotherton Bros. et al. v. Reynolds, 164 Pa. 134. We are not to be understood by calling attention to the foregoing words of our Brother DEAN, that in this case the testimony presented to us in the paper-book seems not to warrant the findings. On the other hand, we think it does, and need say no more in overruling these twenty-one assignments of error.

The twenty-second assignment cannot be sustained because, in our judgment, there was sufficient evidence, if believed by the referee, to warrant and justify his findings of fact, and the twenty-third must be overruled for the reason that his fourth conclusion of law was correct when he said : " While these deals were going on Augustine was conducting a large part of the real estate and cattle business of Wolf as his agent or partner. He sought and secured the full confidence of Wolf, and by means of this induced Wolf to enter into the contracts now being investigated." The twenty-fourth assignment challenges the correctness of the account stated by the referee and approved by the court below. This account involves and is based upon the findings of fact which we have refused to disturb, and we cannot, therefore, direct the statement of a different one. The decree recommended by the referee and made by the court below was the logical result of the findings of fact and the conclusions of law. The fee of the stenographer, having been fixed by the court at $779.65, as proper for the services rendered, and the bill of the tipstaff in attendance during the trial, for $16.00, having been directed to be paid, will not be reduced. The compensation of the referee was, for reasons given by the court below, which we adopt, properly fixed at the sum of $2,500 and will not be changed. The last two assignments of error are also overruled. The appeal is dismissed and the decree of the court below affirmed at the costs of the appellants.