# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Taylor *v.* Folz, Appellant.

*Referee—Referee's findings of fact—Review.*

A referee's findings approved by the court below will not be set aside except for manifest error, even when the testimony is conflicting, and the referee's conclusions may seem opposed to the merits of the case.

*Referee—Findings of fact—Real estate broker—Commission—Guaranty.*

In an action by a real estate broker to recover commissions on the sale of land, a finding of fact by a referee based upon sufficient evidence that the broker at the time of the contract of sale made no guaranty as to possession, which would justify the vendee in rescinding the sale, will not be disturbed by the appellate court.

Argued Oct. 16, 1903. Appeal, No. 163, Oct. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1899, No. 288, dismissing exceptions to report of referee, in case of James R. Taylor & Walter R. Taylor, trading as Taylor & Son, v. Leon H. Folz. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of Charles Biddle, Esq., referee.

The facts are set forth in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Stanley Folz* and *David J. Myers*, for appellant.

*John Eckstein Beatty*, with him *Joseph R. Embery*, for appellee.

OPINION BY SMITH, J., December 19, 1903:

It is not necessary to consider whether the referee's report is as definite, orderly and precise, at all points, as it might properly be. While twelve exceptions were filed to it by the appellant, no defects of this nature were alleged. Though our right to reverse for error apparent on the record, not embraced in the assignment, is undoubted, it should be exercised only when necessary to prevent obvious injustice. In the case before us, no such necessity appears. The referee has found, in substance, the agreement between the parties, performance by the defendant, and the compensation agreed on. These are the material facts. A referee's findings, approved by the court below, will not be set aside except for manifest error, even when the testimony is conflicting, and the referee's conclusions may seem opposed to the merits of the case : Wolf v. Augustine, 197 Pa. 367. Here the referee's findings are clearly warranted by the evidence, and are sufficient to sustain the judgment.

The only matter seriously in dispute is whether the plaintiff earned the commission which he claims. In order to earn it, it was necessary that he should find a purchaser for the defendant's property, and that the parties should agree on terms of sale. That this was done, was shown by the written contract between the vendor and the vendee. The defendant, however, denies that the terms were fully agreed on, alleging that the plaintiff, without his knowledge, and without authority, made this contract subject to a parol stipulation that possession should be given with the deed, in thirty days ; that because of failure to give such possession the vendee refused to carry out the contract, and that by reason of this stipulation and default of performance the terms of the written contract could not be enforced against the vendee.

The property to be sold had been owned by J. C. Moore, Jr., and on the foreclosure of a mortgage had been purchased by the defendant for the mortgagee. On February 21, 1899, the

defendant gave J. C. Moore, Jr., who, with his father, J. C. Moore, Sr., remained in possession, the statutory notice to quit. On March 20, after negotiations between the plaintiff and Budd, the vendee, the terms of an exchange of this property for property of Budd were settled between the plaintiff and the defendant, at the office of the latter, and J. C. Moore, Jr., who was employed as a clerk by the defendant, upon his direction drew up a written contract. During its preparation Moore expressed a wish that the time for settlement might be fixed at sixty days, to give him time to get out, but the defendant required it to be fixed at thirty days, and Moore assented. The plaintiff took this contract to Budd for his signature, but the latter then objected to going on with the transaction, and proposed an exchange of other property for that of the defendant. The plaintiff reported this to the defendant, who on the same day agreed to it, and the contract given in evidence was drawn up by Moore. As related by Budd, when the plaintiff presented this contract for his signature he declined to sign it " unless you guarantee to give me possession at a certain time ; " the plaintiff replied, " We will guarantee that," and " looked over to J. C. Moore, Jr.," who was present ; the latter said, " There will be no trouble ; we will give you possession at that time ; " and, the vendee adds, " I then signed the agreement." Before signing, however, at the demand of the vendee, a provision for leaving in the house the gas fixtures, etc., was added, and a written clause relating to insurance against mechanics' liens on his property was stricken out. The vendee did not, however, demand or suggest the addition of any stipulation for possession, and this omission was clearly not due to fraud, accident or mistake, such as would require the oral promise to be read into the contract. It is obvious that the contract was not signed by the vendee on the faith of a parol guaranty that formed no part of it, and which he expressed no desire to have included in it, while requiring material changes on other points ; he was evidently satisfied with Moore's assurance that possession would be given, and signed the contract on receiving this. The elder Moore, to whom the contract was read after Budd had signed, also wished the time of settlement fixed at sixty days, but the defendant insisting on thirty days he acquiesced. The plaintiff testified

that before any agreement was signed the defendant promised, in the presence of J. C. Moore, Jr., to give possession with the deed. The defendant, while not specifically denying this, testified that he told the plaintiff that Moore had three months after notice to vacate, showed him the notice to quit which had been served, and added that he would have to take the chance of Moore's moving out ; and that the plaintiff said he knew Moore very well, and would take the chance of that. Moore was not called as a witness on either side. It clearly appears, however, that the defendant counted on having the Moores give up possession as promised. He testified that " They themselves, from the conversation had with them at the time the agreement was read to Mr. Moore, Sr., understood, and I was satisfied with that, that he was to go out, and I did in a casual way ask them several times whether they had yet found a house to suit them." The conclusion from all the evidence is that both vendor and vendee were satisfied with the assurance given by the Moores, and that there was no parol agreement to give possession that could have been enforced as a qualification of the written contract. The vendee further waived the right to possession in thirty days, extended the time ten days, and then, with no legal excuse, refused to comply with his contract. The plaintiff did all that the terms of his employment required of him, and was entitled to the compensation agreed on.

Judgment affirmed.