## Augustine v. Wolf, Appellant.

*Courts—Discretion—Judicial discretion—Opening judgment.*

When courts are said to exercise a "discretion," it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature, or, in other words, to the will of the law.

*Judgment—Opening judgment—Discretion—Laches.*

While the measure of proof required by the judge to open a judgment and to clear the way to the jury, cannot be defined by rule, and a mere conflict of evidence is not, generally, sufficient, yet the defendant should be allowed a trial where he has shown by a preponderance of evidence sufficient to sustain a verdict in his favor, that he has a just defense. This is the most prudent course also when material and important questions of fact are in serious dispute.

Mere delay in making the application is not always sufficient ground for refusing to open judgments when third parties are not affected; nor is mere delay always the legal equivalent of laches to take effect as an estoppel. This effect depends on the facts.

When fraud and forgery in procuring the judgment are averred, and it becomes apparent that either has been potential or controlling in a former proceeding affirmed by the Supreme Court, an inferior tribunal should give such affirmance the fullest legal effect, when the same facts are presented in any subsequent stage of that proceeding. When the fraud alleged is of such a character as to involve the crime of forgery it cannot be ratified; as a fraud effected by forgery does not admit of ratification.

Even where forgery is charged there is no inflexible rule which compels the court to open a judgment.

While a judgment should not be opened upon the defendant's oath when contradicted by the oath of the plaintiff, yet where there are corroborative circumstances or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open the judgment and refer the question to a jury. This course is also proper when the decision of the court below is a deduction from the facts and the result of reasoning from the same.

Argued April 17, 1905. Appeals, Nos. 187, 188, 189, 190, 191 and 192, April T., 1905, by defendants, from orders of C. P. Fayette Co., June T., 1894, Nos. 4, 5, 6, 7, 9 and 11, discharging rules to open judgments in case of Jasper Augustine to use of Daniel Augustine, for use of Jasper Augustine v. Joseph Wolf. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rules to open judgments.

The opinion of the Superior Court states the case.

*Errors assigned* were the orders of the court.

*W. C. McKean*, of *Robinson & McKean*, with him *Lindsey & Johnson* and *L. K. & S. G. Porter*, for appellant, cited: Jenkintown Nat. Bank's App., 124 Pa. 337 ; McHugh v. Schuylkill Co., 67 Pa. 391; Shisler v. Vandike, 92 Pa. 447 ; Lyon v. Phillips, 106 Pa. 57; Kalback v. Fisher, 1 Rawle, 323; King v. Brooks, 72 Pa. 363; Castle v. Reynolds, 10 Watts, 51; Steckel v. Steyer, 1 North. 363 ; Schomaker v. Dean, 201 Pa. 439 ; Kaier Co. v. O'Brien, 202 Pa. 153 ; Woodward v. Carson, 208 Pa. 144.

338      AUGUSTINE *v.* WOLF, Appellant.

*Nath'l Ewing*, with him *A. D. Boyd*, for appellee.—Fryberger v. Motter, 24 Pa. Superior Ct. 317; Ansley v. Arnt, 3 Kulp, 152; Dynamite Co. v. Jones, 5 Kulp, 150; Ware v. Baldwin, 7 Kulp, 278; Nace v. Cole, 3 North. 77; Taylor v. Cornelius, 60 Pa. 187; Frauenthal's App., 100 Pa. 290; Given's App., 121 Pa. 260; Schwan v. Kelly, 173 Pa. 65; Haneman v. Pile, 161 Pa. 599; Hirschlan v. Krechman, 20 Pa. Superior Ct. 227; Zartman v. Spangler, 21 Pa. Superior Ct. 647.

OPINION BY SMITH, J., November 20, 1905:

The issue presented in the court below arose on the petition of the defendant and the answer of the plaintiff, and was heard and decided on depositions submitted to Judge O'CONNOR, specially presiding. The matters discussed before us relate to several transactions which may have been heard and passed upon by the referee, John B. Head, Esq., whose report was approved by the lower court and the Supreme Court: Wolf v. Augustine, 197 Pa. 367. But whether all the questions now presented were included in that proceeding, is one of the points here argued and upon which this controversy may largely turn, hence we do not pass upon it. The appeal to this court is from the judge's decision discharging rules to open the several judgments, which by agreement are all to be heard on this appeal. In refusing to open the judgments the learned judge, after some discussion, said, in effect, that although fraud and forgery were averred in the petition, neither was proved to his satisfaction; and the rules were discharged. This ruling is sought to be justified principally on the ground that it was done in the exercise of judicial discretion, and therefore not reviewable. In their arguments at bar and in the paper-books, the parties say, substantially, that the question before us is: Was judicial discretion lawfully exercised? This is a discretion to be exercised only "in discerning the course prescribed by law." In using this power it is proper to observe and adhere to the view of it expressed by Chief Justice MARSHALL in Osborn v. United States Bank, 22 U. S. 738 (866): "Judicial power, as contradistinguished from the power of the law, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a 'discretion,' it is a mere legal discretion, a discretion

to be exercised in discerning the course prescribed by law ; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge ; always for the purpose of giving effect to the will of the legislature, or, in other words, to the will of the law."

In proceedings to open judgments this power is too useful and firmly fixed as part of the law of Pennsylvania to be now shaken.  When the aim is to have questions of fact submitted in due course to a jury, no unreasonable impediment to this end should be raised.  While the measure of proof required by the judge to clear the way to the jury cannot be defined by rule, and a mere conflict of evidence is not, generally, sufficient, yet " the defendant should be allowed a trial where he has shown by a preponderance of evidence sufficient to sustain a verdict in his favor that he has a just defense."  This is the more prudent course also when material and important questions of fact are in serious dispute.  In the opinion refusing to open it is said : " The allegation of forgery if promptly made and sustained would be all sufficient to warrant the opening of these judgments."  Yet this allegation was dismissed, mainly on the ground that it was not made " until the time came for taking testimony in support of the rule to show cause."  Mere delay in making the application is not always sufficient ground for refusing to open judgments when third parties are not affected : Gibson v. Simmons, 134 Pa. 189 ; nor is mere delay always the legal equivalent of laches, to take effect as an estoppel ; this effect depends on the facts : Halstead v. Grinnan, 152 U. S. 412 (14 Sup. Ct. Repr. 641).  As it does not appear by the record that the plaintiff was deceived or misled to his injury by the conduct of the defendant, we see no ground for invoking the doctrine of estoppel in the proceedings subsequent to the referee's report.

When fraud and forgery are averred and it becomes apparent that either has been potential or controlling in a former proceeding affirmed by the Supreme Court, an inferior tribunal should give such affirmance the fullest legal effect, when the same facts are presented in any subsequent stage of that proceeding. When the fraud alleged is of such a character as to involve the crime of forgery it cannot be ratified ; as a fraud effected

by forgery does not admit of ratification. Questions of such serious import, involving crime, are usually for the jury: Shisler v. Vandike, 92 Pa. 447; Schomaker v. Dean, 201 Pa. 439; Kaier Co. v. O'Brien, 202 Pa. 153. The execution of the note upon which the judgment was entered in the Court of Common Pleas to No. 6 June Term, 1894, is not denied and while the depositions of several witnesses are in corroboration of the defendant's contention, others are in contradiction. Ordinarily it is for the judge who heard the evidence to pass upon the question, even where forgery is .charged, as " There is no inflexible rule which compels the court to open the judgment: " Shannon v. Castner, 21 Pa. Superior Ct. 294. It remains an equitable proceeding to be decided by a chancellor, and a jury if necessary. While a judgment should not be opened upon the defendant's oath when contradicted by the oath of the plaintiff, " yet where there are corroborative circumstances or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open the judgment, and refer the question to a jury : " Cloud v. Markle, 186 Pa. 614. This course is also proper when the decision of the court below is a deduction from facts and the result of reasoning upon the same: Woodward v. Carson, 208 Pa. 144.

The fraud alleged against the judgment entered in the common pleas to No. 6, June Term, 1894, does not involve the crime of forgery or other public offense, but affects private interests which may be adjusted by the parties concerned ; in this view the question raised on this rule rests in the discretion of the judge who passed upon it. After consideration, a majority of this court are of opinion that the judge did not exceed his power in refusing to open this judgment, and the refusal to open it is affirmed.

Without saying that either fraud or forgery has been established, or entering upon further discussion at present, we think, in view of all the matters presented, the learned judge erred in refusing to open the judgments, where forgery is alleged in defense.

The orders made in the five cases entered in the common pleas to Nos. 4, 5, 7, 9 and 11, June Term, 1894, respectively, are reversed, and the rules to open these judgments are now reinstated and made absolute.