**Virginia C. EISENHARDT, and Kenneth R. Sechrist, Plaintiffs,**

v.

**COASTAL INDUSTRIES, INC., Defendant.**

**No. 70–568.**

United States District Court, M. D. Pennsylvania.

March 24, 1971.

---

Spencer R. Liverant, Liverant, Senft & Cohen, York, Pa., for plaintiffs.

Miles J. Gibbons, Jr., Morgan, Lewis & Bockius, Harrisburg, Pa., Arthur R. Littleton, Philadelphia, Pa., for defendant.

## OPINION

MUIR, District Judge.

The question before the Court is whether this case should be remanded to the Court of Common Pleas of York County, Pennsylvania. In my view, the case should be so remanded.

In 1967 the defendant, Coastal Industries, Inc., [hereafter referred to as Coastal] and the assignors of the plaintiffs entered into a sales agreement whereby Coastal acquired 1,412 shares of the common stock of Coastal Tank Lines, Inc. The sales agreement provided, in part, that it be construed and enforced in accordance with the laws of Pennsylvania and that if Coastal defaulted, the entire balance of the purchase price would become immediately due and payable and that any attorney was authorized to appear for sellers and confess judgment against buyer for the amount unpaid.

Acting under the above warrant, judgment was confessed in the Court of Common Pleas of York County, Pennsylvania, on October 19, 1970, against Coastal in favor of plaintiff assignees of the sellers of the stock for approximately $852,000.00. Notice of entry of the judgment was mailed to Coastal on October 21, 1970. A petition seeking to vacate the judgment was filed by Coastal in this court on November 16, 1970.

Coastal seeks to have the confessed judgment vacated on several grounds: First, that an action previously commenced by Coastal in the courts of Ohio in which Coastal's own debt to plaintiffs was attached bars the Pennsylvania judgment. Second, that the conduct allegedly constituting the default under the sales agreement was actually authorized by the sales agreement and thus no default occurred.

Under 28 U.S.C. § 1441 only independent suits are removable from a state court to the federal courts. Bondurant v. Watson, 103 U.S. 281, 26 L.Ed. 447 (1880). A proceeding which is substantially a part of, incident to, or a continuation of the prior action is sup-

plementary, not independent, and hence not removable. 1A Moore, Federal Practice § 0.157(4.—11), pp. 171, 172. In my view Coastal's defense is not a separate and independent cause of action, but is supplementary to the original action.

In Barrow v. Hunton, 99 U.S. 80, 25 L.Ed. 407 (1879), a judgment debtor filed a petition with a state court praying for a decree of nullity because he had been discharged in bankruptcy between the date that the debt was incurred and the date of judgment. The judgment creditor then removed the action to the federal court. In ruling that the cause should have been remanded to the state court, the Supreme Court took the position that the proceeding directed towards the nullification of the judgment was a supplementary proceeding incident to the original suit and a continuation of it, rather than a separate suit.

■ A counterclaim or a set-off is not removable to the federal courts. West v. Aurora City, 73 U.S. 139, 18 L. Ed. 819 (1868).

■ Coastal's claim is of no greater dignity and of no greater independence than the defendants' claims in *Barrow* and in *West*.

While these two United States Supreme Court cases are centenarian, they have not been overruled or modified and are binding on me.

An appropriate order will be entered.

### ORDER

In accordance with the opinion filed this day, It is ordered that the Motion to Remand be and the same is hereby granted and, the case is hereby remanded to the Court of Common Pleas of York County from which it was removed.

The Clerk of Court is directed to serve a certified copy of this order upon the Clerk of the Court of Common Pleas of York County pursuant to 28 U.S.C. § 1447(c).