431 A.2d 1082

FLAGSHIP FIRST NATIONAL BANK OF MIAMI BEACH,
Executor of the Estate of Fred Cohen, Deceased,

v.

Leo I. BLOOM and Shirley R. Bloom, his Wife, Appellants.

Fred COHEN

v.

Leo I. BLOOM and Shirley R. Bloom, his Wife, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed July 2, 1981.

Brett A. Huckabee, Reading, for appellants.

Jay N. Abramovitch, Reading, for Flagship First Nat. Bank and Fred Cohen, appellees.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The central issue is this case is whether the failure of a debtor to interpose the defense of accord and satisfaction to

a revival judgment taken by default precludes the debtor from pleading such defense in a later action of Assumpsit on the debt. The lower Court held that the revival judgment became res judicata of the issue. We reverse for the reasons hereinafter stated.

A judgment in favor of Fred Cohen, now deceased, was entered against Leo I. Bloom and Shirley Bloom, his wife, appellants herein, on December 11, 1967 in the Prothonotary's Office of Berks County on a judgment note dated October 8, 1965 executed by the appellants in favor of Cohen in the amount of $35,000. On the next day, December 12, 1967, Cohen assigned the judgment to Leo Bloom "in consideration of the sum of $35,000 to me paid by Leo Bloom". The assignment was drafted by Cohen's attorney, acknowledged before a Notary Public in the attorney's office and duly delivered by Cohen's attorney to counsel for Bloom who delivered the document to Bloom. The assignment was under seal.

A Praecipe for a Writ of Revival (adverse) of the judgment was filed by Cohen on June 27, 1972, and the Writ was issued by the Prothonotary on the same date. It was served on the appellants on July 15, 1972. On August 10, 1972, a Judgment of Revival was entered by default in favor of Cohen and against appellants in the amount of $35,000 with interest from October 8, 1967.

Cohen died on August 8, 1975 and Flagship First National Bank of Miami Beach, appellee herein, was named as Executor of his estate.

The bank, as Cohen's executor, has filed suit in assumpsit on the judgment note of 1965 instead of issuing execution on the revived judgment of 1972, as it might have done. Appellants defended on the ground that the assignment of the 1967 judgment and acknowledgment of payment of the debt constituted a full accord and satisfaction of the obligation. The assignment was not recorded and the original document could not be located after a diligent search. However, a conformed copy was satisfactorily proved and admitted in evidence.

It was apparently conceded at a pre-trial conference by counsel for Bloom that Bloom did not in fact pay any part of the $35,000, then or later. The Blooms were precluded by the Dead Man's rule, 42 Pa.C.S. § 5930, from testifying to what actually transpired between Bloom and Cohen at the time of the assignment and acknowledgement of payment.

The appellee argued that Cohen's adverse revival of the 1967 judgment on August 10, 1972 was res judicata of the issue of whether the assignment and acknowledgment of payment was a defense. It also contended on the basis of the pre-trial admission that there had been a failure of consideration for the assignment. The trial Court, sitting without a jury, accepted both arguments and on October 4, 1978, entered an Order granting judgment against the appellants in the sum of $35,000 with interest from October 8, 1967. The appellants filed Exceptions to the Order which were dismissed on December 17, 1979.

On June 12, 1979, while Exceptions were pending in the Court below, the appellants filed a Petition in a new action to Open the Judgment of December 11, 1967, and revived in 1972, in order to permit the appellants to establish the 1967 assignment of the judgment to Bloom.

It is conceded that the purpose of the Petition to Open Judgment was to enable the appellants to make the same defense of payment of the debt and assignment of the judgment that the trial Court ruled they were precluded from making in the Assumpsit action. The Petition to reopen involves the same parties and the same subject matter as the pending Assumpsit action. The trial Court quite properly dismissed the Petition to Open as a collateral attack on its Order of October 4, 1978, in the Assumpsit action. *Mangold v. Neuman*, 371 Pa. 496, 91 A.2d 904 (1952); *Moeller v. Washington County*, 352 Pa. 640, 644, 44 A.2d 252 (1945).

Returning to the Order entered in the Assumpsit action granting judgment to the appellee, the Court ruled that the assignment of the judgment to Bloom and acknowledgment

of payment could not be used as a defense because the issue became res judicata in the 1972 revival judgment because the assignment could have been interposed as a defense to the revival judgment. The Court also ruled that the assignment was invalid because it had been made without consideration. We cannot accept either conclusion.

A debtor does not waive a defense of accord and satisfaction by his failure to interpose it in a judgment revival action. *Schuylkill Trust Co. v. Haupt*, 359 Pa. 338, 340, 59 A.2d 73 (1948). *Schuylkill* involved a judgment entered by confession pursuant to a warrant of attorney. When the plaintiff issued a scire facias to revive the judgment, the defendants neither appeared nor answered, and the judgment was revived by default. Later, the plaintiff issued an attachment execution against the defendants, who then filed a Petition to Open the Judgment in order to permit them to make the defense of accord and satisfaction. The Petition alleged that the parties had agreed that the judgment and the mortgage securing it should be satisfied by delivery to the plaintiff of a deed for the mortgaged property. It was averred that such a deed had been given and accepted, but that the plaintiff had failed to satisfy the judgment. The lower Court denied the Petition to reopen, but the Supreme Court reversed, stating:

> The learned court below appears to have thought that defendants' failure to put in this defense to the scire facias was fatal. *It is not conclusive*: cf. *Augustine v. Wolf*, 29 Pa.Super. 336, 339. Unexplained, it is of course an important fact. We all think that on the case presented by the depositions, judicial discretion required that the judgment should have been opened and defendants let into a defense. (Emphasis added).

A similar ruling was made in *Greenridge Bank v. Edwards*, 247 Pa.Super. 231, 238, 372 A.2d 23, 26 (1977), in which the debtor petitioned to strike or open a revived confessed judgment on the ground that the Prothonotary had no statutory authority to enter the original judgment. The trial Court denied the Petition, and this Court reversed,

citing the above quoted language from *Schuylkill* as dispositive.

In *Schuylkill*, the defense of accord and satisfaction had arisen subsequent to the original judgment, while in *Greenridge* the challenge to the authority of the Prothonotary to enter the original judgment had been inherent from the date of entry of the original judgment. In both cases, the appellate Courts ruled that the defendants' failure to put in their defense in the revival action was not conclusive.

*Augustine v. Wolf* 29 Pa.Super. 336, 339 (1905), which was cited in both *Schuylkill* and *Greenridge* as a supporting authority, is significant. *Augustine* likewise involved a Petition to Open a Judgment, and this Court emphasized the fact that third parties had not been adversely affected by the failure to contest the original judgment, nor had the plaintiff been deceived or misled to his injury. Both statements are also true of the situation before us.

■ We conclude on both reason and authority that the appellants did not waive their defense of accord and satisfaction by their failure to raise it as a defense at the time the judgment was revived.

The ruling that the assignment to the appellants was invalid because of a failure of consideration is based upon an apparent concession at the pre-trial conference that neither principal nor interest on the note was paid, despite the acknowledgment of payment in full by the decedent Cohen in the assignment.

However, it does not follow that no other consideration was given for the assignment. The assignment, drafted by Cohen's attorney, acknowledged that the $35,000 had been paid, which would appear to negate any further obligation on appellant's part to pay that particular sum at a later date. We have no way of knowing what actually transpired between Cohen and Bloom at the time Cohen assigned the judgment to Bloom and acknowledged payment in full. We do not know what consideration, if any, Bloom gave for the assignment. Consequently, we do not know whether

Bloom's failure to pay the sum of $35,000 was a default on his part because we do not know what obligation, if any he assumed when he was given the assignment of the judgment and receipt for payment. Why was judgment confessed on the note in 1967 if payment was to be acknowledged and the judgment assigned to Bloom the following day? And once the assignment was given, why did Cohen revive the judgment in 1972 and why did the appellants permit the revival by default? We simply do not know.

■ Cohen is dead and the Blooms are precluded by the Dead Man's Rule, 42 Pa.C.S.A. 5930, from testifying as to these transactions. The bare admission that appellants did not pay the $35,000 debt after Bloom received an assignment of the judgment does not justify the conclusion drawn by the lower Court that there was a failure of consideration for the assignment and acknowledgment of payment.

■ The Dead Man's Rule was enacted to protect the estate of a decedent against a claim based on testimony of a surviving party as to a transaction with a decedent. The rule exists for the protection of the dead man's estate, but his representative may elect to waive the disqualification of the adverse party and take his testimony on cross-examination or by deposition or interrogatories, or by introducing as evidence, as it did in this case, Bloom's statement in the pre-trial conference that he had not paid Cohen the $35,000 debt. But in doing so, the executor waives the Dead Man's Rule and the Blooms become competent to testify fully as to the circumstances surrounding the debt, its assignment and revival. *Estate of Kofsky*, 487 Pa. 473, 409 A.2d 1358, 1359 (1979); *Perlis v. Kuhns*, 202 Pa.Super. 80, 82–84, 195 A.2d 156 (1963).

The Judgments which appellants have petitioned the Court to open at Nos. 147 Philadelphia 1980 and 701 Philadelphia 1980 are opened and appellants let into a defense. These cases are remanded for further proceedings not inconsistent with this Opinion.

HOFFMAN, J., concurs in the result.