## In re RAYMARK INDUSTRIES, INC., Debtor.

### Raymond George, et al., Plaintiff,

v.

### Raymark Industries, Inc., Defendant.

### Adversary No. 99–2031.

United States Bankruptcy Court, E.D. Pennsylvania, Reading Division.

Aug. 27, 1999.

Robert Jacobs, Jacobs & Crumplar, Wilmington, DE, for Plaintiffs.

Lewis H. Markowitz, Markowitz & Markowitz, York, PA, for Plaintiffs.

Anthony P. Schimaneck, Morgan, Hallgren, Crosswell & Kane, Lancaster, PA, for Trustee.

Mark I. Fishman, Pepe & Hazard, Southport, CT, for Trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

Before the court are three related matters: A notice of removal and motion to transfer filed by Laureen M. Ryan, Chapter 11 Trustee for the Debtor, Raymark Industries, Inc. ("Raymark"), and a motion for remand filed by several creditors. For the reasons that follow, we grant the motion for remand.

## BACKGROUND

The factual scenario giving rise to these motions does not appear to be in dispute and therefore the motions have been submitted for decision on the pleadings. As gleaned from the parties' submissions, it appears that a judgment was entered against Raymark on November 9, 1987 in favor of William Kapp, Joseph Kaster and James Webb ("creditors"), respectively, for the following amounts: $27,319,485, $24,870,815, and $24,451,700. The judgment originated in the Superior Court of Delaware in New Castle County and was recorded as a judgment in Lancaster County, Pennsylvania. Thereafter, the judgment constituted a lien against all real estate owned by Raymark located in Lancaster County. The Lancaster County judgment was revived in 1994 when Raymark was the subject of an involuntary bankruptcy proceeding. Raymark is presently the subject of a voluntary Chapter 11 bankruptcy pending in the Bankruptcy Court for the District of Connecticut, which was filed in 1998. On or about October 7, 1998, Laureen M. Ryan was appointed Chapter 11 Trustee.

On June 15, 1998, at the request of the creditors, the Court of Common Pleas of Lancaster County issued a writ of revival of judgment directed toward Raymark. The writ was served upon Raymark on January 25, 1999 and prompted the Trustee to file the notice of removal presently at issue for the purpose of removing the revival proceeding to federal court. The Trustee's ultimate goal is to have the proceeding transferred to the Bankruptcy Court in Connecticut where it can be combined with all of the other matters at issue in the bankruptcy proceeding. The notice of removal was filed on February 24, 1999 in the District Court for the Eastern District of Pennsylvania and was subsequently referred to this court. Shortly thereafter, the creditors filed their motion to have the revival proceeding remanded to the Lancaster County Court of Common Pleas and the Trustee filed her motion to have the proceeding transferred to Connecticut.

## DISCUSSION

In her motion to transfer, the Trustee suggests that our decision on this matter is of little consequence because the Bankruptcy Court in Connecticut will possess the same power as we do to remand the revival proceeding. If that were true, we would be tempted to simply transfer the case to Connecticut secure in the knowledge that the Connecticut Bankruptcy Court is in the best position to decide whether to hear the revival proceeding. The Trustee's argument, however, misconstrues the process. In actuality, our decision on remand and transfer will become the law of the case and may have a binding effect upon the transferee court. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 413 (9th Cir.1985); *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 166 (3d Cir.1982); *American Lifestyle Homes, Inc. v. United States,* 17 Cl.Ct. 711, 716 (1989). The Connecticut Bankruptcy Court will not have unfettered discretion to disregard and reconsider our decision. We are, moreover, involved in a two step process. We must first decide whether the case can be removed and, only after answering that question in the affirmative, can we address the question of whether the case should be transferred to Connecticut or remanded to state court.

The Trustee requests removal under the auspices of 28 U.S.C. § 1452, which allows for removal of any civil action to the feder-

al district court for the geographical region in which the action is pending provided the court has jurisdiction under 28 U.S.C. § 1334. Section 1334, in turn, provides the court with jurisdiction over civil proceedings that arise under title 11 or arise in or relate to a case under title 11. Section 1452(b) permits remand of cases so removed on any equitable ground.

 We are satisfied at the outset that the revival proceeding fits within the purview of the court's jurisdiction under section 1334. The outer reaches of bankruptcy jurisdiction is measured by whether a proceeding may conceivably impact upon the administration of an estate in bankruptcy. *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). Here, we are confident that the revival proceeding has the potential to impact upon the Raymark bankruptcy estate because the proceeding will determine the existence and priority of the creditors' judgment lien.

 The creditors' first argument against removal is that the revival proceeding is administrative and/or procedural in nature and does not constitute a civil action within the meaning of section 1452. This argument finds resonance in cases decided under 28 U.S.C. § 1441, the general federal removal statute, addressing the issue of whether a proceeding is in the nature of a civil action. *Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Commissioners of Road Improvement Dist. No. 2 v. St. Louis Southwestern Ry. Co.,* 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364 (1922); *Upshur County v. Rich,* 135 U.S. 467, 10 S.Ct. 651, 34 L.Ed. 196 (1890); *Village of Walthill v. Iowa Elec. Light and Power Co.,* 228 F.2d 647 (8th Cir.1956); *Stoll v. Hawkeye Cas. Co.,* 185 F.2d 96 (8th Cir.1950); *Tool and Die Makers Lodge No. 78 Int'l. Assoc. of Machinists v. General Elec. Co. X–Ray Dept.,* 170 F.Supp. 945 (E.D.Wis.1959); *Non–Ferrous Metals (U.S.A.), Inc. v. Vantage Steel Corp. (In re Vantage Steel Corp.),* 125 B.R. 880 (Bankr.S.D.N.Y.1991). Some proceedings, such as garnishment

actions, are not viewed as civil actions in their own right because they are seen as being ancillary to another proceeding. *Stoll,* 185 F.2d at 98–99 & n. 1; *see also Eisenhardt v. Coastal Ind., Inc.,* 324 F.Supp. 550, 551 (M.D.Pa.1971). Other actions, such as property tax assessments, may be classified as administrative or executive in nature and thus determined to be nonjudicial. *Upshur County,* 135 U.S. at 473, 10 S.Ct. 651. The method of analysis is a functional one, focusing on whether the attributes of a proceeding render it judicial in nature. *Tool and Die Makers,* 170 F.Supp. at 950. Broadly stated, "[t]he modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a [civil action.]" *Upshur County,* 135 U.S. at 474, 10 S.Ct. 651; *see also Tool and Die Makers Lodge No. 78,* 170 F.Supp. at 950.

 Viewing the revival proceeding from a functional perspective leads us to conclude that it bears sufficient indicia of a judicial contest to be classified as a civil action. The Pennsylvania Rules of Civil Procedure state that a writ of revival constitutes a complaint and initiates a proceeding to be governed by the Rules relating to civil actions. Pa.R.C.P. No. 3030(a). A defendant in such an action can thus file an answer or motion to dismiss, avail himself of discovery, file for summary judgment and ultimately have the matter resolved at an evidentiary hearing. Pa. R.C.P. Nos. 1001, 1017, 1028, 1035.2, 1038, 4001. We are aware that revival actions are subject to certain limitations. There are only a few recognized defenses that can be raised, *PNC Bank v. Balsamo,* 430 Pa.Super. 360, 369, 634 A.2d 645, 649 (1993) (the only defenses available in a revival proceeding are that the judgment does not exist, has been paid or has been discharged), and no counterclaims can be asserted. Pa.R.C.P. No. 3030(a). These limitations, however, do not destroy the essential character of the proceeding as a judicial contest.

■ For these reasons, we conclude that the revival proceeding is a civil action which may be removed under section 1452(a). This determination does not end our inquiry, but rather, leads us to address the next issue, which is whether the proceeding should be remanded under section 1452(b). Section 1452(b) invites remand on "any equitable ground" and grants the court broad discretion to rule on the propriety of litigating a matter in federal court. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999); *Balcor/Morristown Ltd. Partnership v. Vector Whippany Assoc.*, 181 B.R. 781, 792–93 (D.N.J.1995).

■ Courts determine remand motions by reference to the following factors:

(1) [T]he effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991); *accord Chambers v. Marathon Home Loans (In re Marathon Home Loans)*, 96 B.R. 296, 299–300 (E.D.Cal.1989); *Roper v. American Health & Fire Ins. Co. (In re Roper)*, 203 B.R. 326, 337 (Bankr.N.D.Ala.1996).

■ Of these factors, numbers one, two, four, five and seven signal that remand on equitable grounds is warranted. Because the revival proceeding involves simply an attempt to renew the pre-petition judgment lien according to Pennsylvania law, and does not constitute an attempt to enforce or collect on the pre-petition judgment, we find that it will not have a significant impact upon the efficient administration of the bankruptcy estate. Furthermore, revival of the judgment is purely a matter of state law, and while it is a "related" proceeding under section 1334(b), the issues involved are remote to the issues truly at stake in a bankruptcy proceeding. In this respect, we think the creditors' characterization of the revival proceeding as primarily procedural or administrative in nature is accurate. The subject matter of the revival proceeding is limited to the propriety of maintaining the judgment on the books. No substantive matters pertaining to the validity of the judgment vis-a-vis the automatic stay or its eligibility for avoidance or subordination will be considered. In addition, comity suggests that it is appropriate for the state court to determine the continuing vitality of judgments recorded on the court's own judgment index. These factors furnish a substantial basis for remand.

■ Finally, we are constrained to point out that remand entails no adverse consequences upon or prejudice to the Trustee. The limited purpose and scope of a revival proceeding necessarily demonstrates that a judgment of revival has minimal preclusive effect. Issues revolving around the automatic stay, subordination, or any other matter of bankruptcy law will remain open for litigation because they are beyond the scope of matters that can be decided in a revival proceeding. Pennsylvania courts are, moreover, loath to give preclusive effect to default revival judgments. *See Flagship First Nat'l. Bank v. Bloom*, 288 Pa.Super. 347, 431 A.2d 1082 (1981) (failure to defend revival proceeding was not a bar to filing a motion to open judgment asserting defense of accord and satisfaction).

Having determined that the proceeding should be remanded to state court, the motion to transfer the proceeding to the Connecticut Bankruptcy Court is moot and need not be addressed.