Loretta EVERETT, et al., Plaintiffs,

v.

FRIEDMAN'S INC. D/A/A Friedman's Jewelers, American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company, Amanda Calcoat, Kenny Foreman, Donna Darnell, Carolyn Leland, Heather Barrere, Mindy Card and John Does 1–50, Defendants.

Civ.A. No. 4:05CV32LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Aug. 12, 2005.

Walter D. Willson, Randy L. Dean, Jackson, MS, for Insurance Defendants American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida and American Reliable Insurance Company.

Lewis B. Bell, Suzanne M. Collipp, Jackson, MS, for Defendant Friedman's Inc. d/b/a Friedman's Jewelers.

Charles E. Gibson, III, Jackson, MS, for Plaintiff.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, Chief Judge.

Defendants American Bankers Insurance Company and American Bankers Life Assurance Company of Florida and American Reliable Insurance Company removed this case to this court on February 14, 2005 based on the January 14, 2005 bankruptcy filing of their co-defendant Friedman's Inc. d/b/a Friedman's Jewelers.

Immediately upon removal, the removing defendants moved to transfer this case to the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1404(a) and/or § 1412 inasmuch as that is where Friedman's' bankruptcy is pending, i.e., is the "home court" for Friedman's' bankruptcy. In their motion to transfer, these defendants specifically requested that in the event plaintiffs were to move to remand, this court should transfer and permit the Georgia Bankruptcy Court to rule on any such motion.

As anticipated by defendants, plaintiffs did promptly file a motion to remand, contending, first, that the removal was procedurally defective as it violated the rule of unanimity and was untimely, and arguing further that even if the removal was not procedurally deficient, nevertheless, principles of mandatory abstention and/or discretionary abstention/equitable abstention require and/or counsel in favor of remand. Plaintiffs contemporaneously moved to stay all proceedings pending ruling on their motion to remand and motion to transfer. In response to the motion to transfer, they took the position that this court lacks jurisdiction to consider the motion to transfer until such time as the court first concludes that it does, in fact, have removal jurisdiction, and maintained, additionally, that a transfer would violate the automatic stay.

■ This court's research reveals that "[c]ourts are divided about the order in which to decide competing motions to either (i) transfer or change venue of an action that has been removed; or (ii) remand or abstain from hearing an action that has been removed." *In re Grace Community, Inc.*, 262 B.R. 625, 628–629 (Bkrtcy.E.D.Pa.2001):

One line of cases reasons that, when confronted with competing motions, the court should elect to hear the motion to change venue first to allow the matter to be transferred to the bankruptcy court in which the main bankruptcy case is proceeding, so that the "home" bankruptcy court can decide if remand or abstention is appropriate. *See, e.g., In re Allegheny Health, Education and Research Foundation*, 1999 WL 1033566 (Bankr.E.D.Pa.1999). Other courts, however, have held that, before a court can decide a motion to transfer or change venue, it must first decide whether the case has been removed properly and/or whether the court has subject matter jurisdiction over the proceeding. *In re Santa Clara County Child Care Consortium*, 223 B.R. 40, 44 (1st Cir. BAP 1998); *In re Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 865 (N.D.Ill.1991); *In re Raymark Industries, Inc.*, 238 B.R. 295, 297–98 (Bankr.E.D.Pa.1999). Further, courts may also decide to review a remand and abstention motion first, rather than transferring the matter to the "home" bankruptcy court, if the transfer will only cause further delay or result in a waste of judicial resources in a matter. *See Ni Fuel Company, Inc. v. Jackson*, 257 B.R. 600, 611–12 (N.D.Okla.2000).

*Id.* In this case, there is no question but that if the removal was procedurally proper, there is at least "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334. As to the question whether the removal was procedurally proper, this court recognized in *Beasley v. Personal Finance Corporation*, 279 B.R. 523, 529 (S.D.Miss.2002), that the rule of unanimity, which derives from 28 U.S.C. § 1441, does not apply to bankruptcy removals under § 1452, which permits removal by "[a] party." *Id.* (stating that "by its plain language, 28 U.S.C. § 1452 differs from 28 U.S.C. § 1441(a) in

that the former permits 'a party' to remove a lawsuit to federal court while the latter permits removal by the 'defendant or defendants' in the case") (citations omitted). Thus, the court found the plaintiffs' motion to remand on the ground that all defendants did not join in the notice of removal was without merit.

■ Plaintiffs' allegation that the removal was procedurally improper because it was not filed within thirty days of the date on which Friedman's' bankruptcy petition was filed is similarly without merit. As defendants correctly note in their response memorandum, the thirty-day time requirement for removal of an action under 28 U.S.C. § 1446(b) is inapplicable to this bankruptcy removal, which is instead governed by Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure. That rule provides that if the action was commenced before the commencement of a case under the Bankruptcy Code,

> a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

This case, having been commenced before Friedman's' bankruptcy case, was clearly timely removed in accordance with these provisions.[1]

■ For the reasons given, this court is of the view that the removal was not deficient from a procedural or jurisdiction standpoint, and thus the court is not persuaded that any impediment exists to this court's present consideration of the motion to transfer; and having considered that motion, this court is persuaded that the case should be transferred to the "home" bankruptcy court so that the bankruptcy court can decide if remand or abstention is appropriate. In this court's opinion, if this case is to remain in federal court on account of Friedman's' bankruptcy, the most appropriate venue would be in the Georgia Bankruptcy Court, the location of Friedman's' bankruptcy case. Yet it should be for that court to make the determination whether the case may or should remain in federal court. Accordingly, the court will grant the motion to transfer.

Based on the foregoing, it is ordered that the defendant insurers' motion to transfer this case to the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division, is granted.

---

1. The court would note, though, that even if § 1446(b) applied, the removal would still be timely. First, under § 1446(b), defendants are required to remove within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The question, then, is not when Friedman's' filed for bankruptcy, but when the defendant insurers first received an "other paper" alerting them to Friedman's' bankruptcy filing. That occurred when they were served on January 20, 2005 with Friedman's notice of stay filed in the state court action, and they removed the case within thirty days thereafter. The removal was thus timely even under § 1446(b).