**In re GRACE COMMUNITY, INC., Debtor.**

**Grace Community, Inc., Plaintiff,**

**v.**

**KPMG Peat Marwick, LLP, et al., Defendants.**

Bankruptcy No. 1–99–00574. Adversary Nos. 01–0205 KJC, 01–0209 KJC.

United States Bankruptcy Court, E.D. Pennsylvania.

May 24, 2001.

Albert A. Ciardi, Jr., Frank S. Marinas, David W. Debruin, Philadelphia, PA, for debtor.

Christina Frangiosa, Philadelphia, PA, for defendant.

## MEMORANDUM

KEVIN J. CAREY, Bankruptcy Judge.

### BACKGROUND

Grace Community, Inc. filed a voluntary chapter 11 bankruptcy petition on February 9, 1999[1] in the United States Bankruptcy Court for the Middle District of Pennsylvania (Harrisburg Division). On February 7, 2001, the debtor commenced a civil action against the defendants[2] in the

---

1. The parties' memoranda of law state that the debtor filed its petition on February 8, 1999. However, the bankruptcy court docket introduced into evidence at the hearing on May 2, 2001, reflects that the voluntary chapter 11 petition was filed on February 9, 1999.

2. The defendants in the State Court Action and the above-captioned adversary proceed-

Philadelphia County Court of Common Pleas, which was designated as February Term, 2001, No. 01–0478 (the "State Court Action"). On April 4, 2001, defendants Horst Construction Company and Clyde W. Horst (the "Horst Defendants") removed the State Court Action to this Court, which was docketed as Adversary Proceeding No. 01–205. On the same date, defendants James D. Brandt; Claude P. Brezeale, Jr.; Jan A. Musser; Richard L. Miller, Jr.; James L. Smith, Robert Marvel; and Eugene F. Carter[3] (the "Individual Defendants") also removed the State Court Action to this Court, which was docketed as Adversary Proceeding No. 01–209.[4] Because each of the two adversary proceedings involve the same State Court Action, they will be disposed of together.

The State Court Action Complaint sets forth eight counts for relief, as follows:

(1) damages against defendant KPMG Peat Marwick for breach of contract;

(2) damages against defendant KPMG Peat Marwick for negligence, gross negligence, reckless acts or omissions;

(3) damages against defendant KPMG Peat Marwick for breach of fiduciary duty;

(4) damages against defendant Horst Construction Company for breach of contract;

(5) damages against defendant Horst Construction Company for negligence, gross negligence, reckless acts of omissions;

(6) damages against defendant Horst Construction Company for breach of fiduciary duty;

(7) damages against individual members of the debtor's pre–1997 board of directors for negligence, gross negligence, reckless acts or omissions; and

(8) damages against individual members of the debtor's pre–1997 board of directors for breach of fiduciary duty.

The total amount of damages sought against KPMG Peat Marwick is $20,000,000; against Horst Construction Company, $1,000,000; and against the individual members of the pre–1997 Board of Directors, $20,000,000. All of the defendants are residents of Pennsylvania or are corporations with a place of business in Pennsylvania.

Hearings were scheduled for May 2, 2001 on the following motions, which had been filed in the adversary proceedings:

1. Motion To Transfer Adversary Proceeding Pursuant to Rule 7087 filed by the Horst Defendants on April 10, 2001 (the "Transfer Motion") and to which the debtor filed a response on April 24, 2001;

2. Motion To Change Venue Pursuant To Rule 7012 filed by the Individual Defendants on April 10, 2001 (the "Venue Motion") and to which the debtor filed a response on April 24, 2001;

3. Motion To Dismiss Case Pursuant to Rule 7012 filed by the Horst Defendants on April 10, 2001 (the "Horst Defendants' Dismissal Motion") and

---

ings are the following: KPMG Peat Marwick, LLP; Horst Construction Company; Clyde Horst; Richard L. Miller, Jr.; Kenneth Seyfert; Eugene F. Carter, Sr.; James D. Brandt; Claude P. Brezeale, Jr.; James L. Smith; Joel Moehlmann; Robert Marvel; and Jan A. Musser (collectively, the "Defendants").

**3.** The Horst Defendants and the Individual Defendants may be collectively referred to hereinafter as the "Removing Defendants."

**4.** Apparently, the Clerk's practice is to assign a separate adversary number to each removal filing, without respect to how a filing may be related to a prior one.

to which the debtor filed a response on April 25, 2001;

4. Motion To Dismiss Case Pursuant to Rule 7012 filed by the Individual Defendants on April 19, 2001 (the "Individual Defendants' Dismissal Motion") and to which the debtor filed a response on April 25, 2001;

5. Motion For Remand of State Court Action and Abstention Pursuant To 28 U.S.C.A. §§ 1452(b) and 1334(c) & F.R.B.P. 9027 filed by the debtor on April 25, 2001 (the "Debtor's Remand and Abstention Motion") and to which the Horst Defendants filed a response on May 2, 2001 and to which the Individual Defendants filed a response on May 3, 2001.

At the May 2, 2001 hearings, a combined record was made for the two adversary matters. After a colloquy regarding the sequence in which the motions should be heard, the parties presented argument on the Debtor's Remand and Abstention Motion. Consideration of the remaining motions ( including the Horst Defendants' Dismissal Motion, the Individual Defendants' Dismissal Motion, the Transfer Motion and the Venue Motion), were deferred, pending the outcome of the Debtor's Remand and Abstention Motion.

For the reasons which follow, the Debtor's Remand and Abstention Motion will be granted.[5]

## DISCUSSION

1. *Order in which the pending motions will be considered.*

■ At the hearing on May 2, 2001, the parties disagreed about which motion the Court should consider first. The Removing Defendants argued that the Court should first consider the Transfer Motion and Venue Motion to determine whether the removed State Court Action should be transferred to the Bankruptcy Court for the Middle District of Pennsylvania. The Removing Defendants argued that the bankruptcy judge for the debtor's chapter 11 case should decide whether the case should be remanded to state court. On the other hand, the debtor argued that the Court should first consider the Debtor's Remand and Abstention Motion.

Courts are divided about the order in which to decide competing motions to either (i) transfer or change venue of an action that has been removed; or (ii) remand or abstain from hearing an action that has been removed. One line of cases reasons that, when confronted with competing motions, the court should elect to hear the motion to change venue first to allow the matter to be transferred to the bankruptcy court in which the main bankruptcy case is proceeding, so that the "home" bankruptcy court can decide if remand or abstention is appropriate. *See, e.g., In re Allegheny Health, Education and Research Foundation,* 1999 WL 1033566 (Bankr.E.D.Pa.1999). Other courts, however, have held that, before a court can decide a motion to transfer or change venue, it must first decide whether the case has been removed properly and/or whether the court has subject matter jurisdiction over the proceeding. *In re Santa Clara County Child Care Consortium,* 223 B.R. 40, 44 (1st Cir. BAP 1998); *In re Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 865 (N.D.Ill. 1991); *In re Raymark Industries, Inc.,* 238 B.R. 295, 297–98 (Bankr.E.D.Pa.1999). Further, courts may also decide to review a remand and abstention motion first, rather than transferring the matter to the

5. In light of this ruling, consideration of the Transfer Motion, Venue Motion and two Dismissal Motions will be left to another court.

"home" bankruptcy court, if the transfer will only cause further delay or result in a waste of judicial resources in a matter. *See Ni Fuel Company, Inc. v. Jackson,* 257 B.R. 600, 611–12 (N.D.Okla.2000).

Jurisdiction is always a threshold issue; the better approach is to determine first if an action has been properly removed and if the court has subject matter jurisdiction. Determining if the court has subject matter jurisdiction under 28 U.S.C. § 1334(b) touches on the same issues that arise when deciding if abstention is required pursuant to 28 U.S.C. § 1334(c). Because, as discussed below, the factors for mandatory abstention under § 1334(c)(2) are all present in this case, transferring this matter to the Middle District of Pennsylvania would serve only to delay this matter. For these reasons, it is appropriate to consider first the Debtor's Remand and Abstention Motion.

2. *Remand and Abstention.*

 The statute governing removal and remand of claims related to bankruptcy cases is set forth at 28 U.S.C. § 1452, which provides, in part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending,

if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground....

 The "any equitable ground" standard for remand in § 1452(b) is a broad grant of authority that leaves the issues regarding whether remand is appropriate to the discretion of the bankruptcy court. *In re McCarthy,* 230 B.R. 414, 417 (9th Cir. BAP 1999). In determining whether an equitable ground for remand exists, many courts have used a seven-part test.[6] However, bankruptcy courts in this district have also recognized that remand is appropriate if grounds for abstention pursuant to 28 U.S.C. § 1334(c) exist. *In re Warren,* 125 B.R. 128, 130–31 (E.D.Pa.1991); *In re Pacor, Inc.,* 72 B.R. 927, 931–32 (Bankr.E.D.Pa.1987), *aff'd,* 86 B.R. 808 (E.D.Pa.1987), *appeal dismissed by* 1988 WL 235479 (3d Cir.1988). 28 U.S.C. § 1334 sets forth the two forms of statutory abstention: discretionary abstention (§ 1334(c)(1)) and mandatory abstention (§ 1334(c)(2)), as follows:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

---

6. The seven factors relied upon by courts to determine if the equities weigh in favor of remand are: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) prejudice to the involuntarily removed defendants. *In re RBGSC Investment Corp.,* 253 B.R. 369, 381–82 (E.D.Pa.2000); *Raymark,* 238 B.R. at 299. Because all of the factors for mandatory abstention are satisfied in this case, in-depth discussion of the seven-part test is not necessary. However, for many of the same reasons discussed in greater detail below, remand would also be appropriate under the seven-part test because those factors either weigh in favor of remand (such as factors 1, 2, 4, 5 and 6) or are neutral (such as factors 3 and 7).

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

■ It is well established that there are six requirements to be met before "mandatory abstention" of § 1334(c)(2) will apply: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under title 11; (4) the proceeding does not arise under title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *RBGSC Investment*, 253 B.R. at 381; *In re Rarick*, 132 B.R. 47, 50 (D.Colo.1991); *Warren*, 125 B.R. at 131; *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

■ All of the factors for mandatory abstention are present here.[7] The Debtor's Remand and Abstention Motion was timely filed (it was filed within 30 days after removal as required by 28 U.S.C. § 1447(c)). The second factor is also present, since the claims for relief in the State Court Action are all based upon state law causes of action, such as breach of contract, breach of fiduciary duty, negligence or reckless acts or omissions.[8]

■ Third, the removed State Court Action is "related to" a case under title 11; that is, it is related to the debtor's chapter 11 bankruptcy case pending in the Bankruptcy Court for the Middle District of Pennsylvania. To determine whether a civil proceeding is "related to" a bankruptcy case, the Third Circuit Court of Appeals has said that a court must decide "...whether the outcome of [the civil proceeding] could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (citations omitted), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)(Stevens, J. concurring). *See also Hatcher v. Lloyd's of London*, 204 B.R. 227, 230 (M.D.Ala.1997) (holding that

7. A court should strongly consider discretionary abstention when the party seeking abstention satisfies most of the mandatory abstention factors. *Warren*, 125 B.R. at 132; *Futura Industries*, 69 B.R. at 834. Because all of the mandatory abstention factors are present in this case, I need not address whether discretionary abstention under § 1334(c)(1) is appropriate.

8. Although the Horst Defendants agreed that the State Court Action claims are based on state law (May 2, 2001 hearing, Tr. at p. 29), the Horst Defendants noted that their Dismissal Motion asserts that the State Court Action is barred by applicable statute of limitations, which may require analysis of 11 U.S.C. § 108(a). Therefore, the Horst Defen-

dants argued that there are potential federal bankruptcy law issues in addition to the state law claims. (Tr. at 29). However, I do not find that the potential for argument and analysis under 11 U.S.C. § 108(a) changes the fact that all of the State Court Action claims are based in state law. Moreover, state courts, which are perfectly capable of doing so, have considered the effect of Bankruptcy Code provisions upon a state statute of limitations in other contexts. *See, e.g., Citizens National Bank of Evans City v. Gold*, 439 Pa.Super. 254, 653 A.2d 1245, 1247–48 (1995) (holding that the six month statute of limitations for deficiency judgments was extended by 11 U.S.C. § 108(c)).

"...an action is said to 'relate to' bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, and which in any way impacts upon the handling and administration of the bankrupt estate."). In *Hatcher*, the court found that state law claims were "related to" the bankruptcy case because the possible monetary recovery on those claims could affect administration of the bankruptcy case. *Hatcher*, 204 B.R. at 230. Similarly, here, the debtor's possible monetary recovery for the estate through the State Court Action renders the matter "related to" the debtor's chapter 11 case.

▇▇▇▇ Mandatory abstention requires that the proceeding does not arise under title 11. Disputes that "arise under title 11" are also referred to as "core proceedings." *Hatcher*, 204 B.R. at 230. The Third Circuit Court of Appeals has instructed us how to determine whether a matter is a core proceeding:

> To determine whether a proceeding is a "core" proceeding, courts of this Circuit must consult two sources. First, a court must consult [28 U.S.C.] § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." *See id.* § 157(b)(2)(A)–(O). Second, the court must apply this court's test for a "core" proceeding. Under that test, "a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."

*Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999) (citations omitted). The claims in the State Court Action do not fall under any of the "core" matters as enumerated in § 157(b).[9] The State Court Action claims also do not meet the second test described above: they are not based upon any substantive right provided in the Bankruptcy Code and the claims exist independent of the bankruptcy case. The State Court Action only invokes claims based upon state law. Accordingly, the fourth part of the mandatory abstention test is satisfied.

The fifth factor to be considered for mandatory abstention is also found in the present case. This matter involves only state law claims and there is no diversity between the parties; hence, the State Court Action could not have been commenced in federal court but for the "related to" bankruptcy court jurisdiction under 28 U.S.C. § 1334.

Finally, the sixth factor is also present. At the May 2, 2001 hearing, the parties agreed that, prior to removal, the State Court Action was assigned to the Commerce Case Management Program ("Commerce Court") in the Philadelphia County Court of Common Pleas, a specialized program created to deal with complex commercial cases and cases involving the internal governance of business entities. Counsel for the indenture trustee submitted the "General Court Regulations Relating to Commerce Cases Administrative Docket 01–2000" into evidence, showing that, under those regulations, the State Court Action can be timely adjudicated in state court.[10]

All of the factors for mandatory abstention are present in this case. Accordingly, remand of the State Court Action to the Philadelphia County Court of Common Pleas is appropriate.

---

9. Even though the State Court Action may bring money into the bankruptcy estate, it is not a core proceeding under § 157(b)(2)(A) ("matters concerning administration of the estate"). *Rarick*, 132 B.R. at 51.

10. At the May 2, 2001 hearing, the debtor stipulated that it would agree to keep the State Court Action in the Commerce Court. (Tr. at 30).

For these reasons, the Debtor's Remand and Abstention Motion will be granted. An appropriate order follows.

### *ORDER GRANTING DEBTOR'S REMAND AND ABSTENTION MOTION*

**AND NOW,** this 24th day of May, 2001, for the reasons given in the accompanying Memorandum, the Debtor's Remand and Abstention Motion is **GRANTED** and the subject of both above-captioned adversary proceedings is hereby **REMANDED** to the Court of Common Pleas, Philadelphia County, Pennsylvania.