Christine C. SHUBERT, Esquire, as
Trustee of the Estate of Edward M.
Mezvinsky, et al., Plaintiffs,

v.

ROCHE HOLDING AG,
et al., Defendant.

CIV. A. No. 01–2023.

United States District Court,
E.D. Pennsylvania.

Aug. 3, 2001.

Michael F. Barrett, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., Philadelphia, PA, for Christine C. Shubert, Esq., as Trustee of Estate of Edward M. Mezvinsky, Marvin Krasny, Esq., as Trustee of Estate of Marjorie Margolies-Mezvinsky.

Louise E. Moyer, Dechert, Price and Rhoads, Philadelphia, PA, for Roche Holding Ag, Roche Holdings, Inc., Hoffman-La Roche, Inc., Roche Laboratories, Inc.

Adrian R. King, Post & Schell, P.C., Guy Mercogliano, Sweeney, Sheehan & Spencer, Philadelphia, PA, Louis A. Rieffel, Plakins Rieffel, P.C., Doylestown, PA, Paul C. Astor, Astor Weiss & Kaplan, Philadelphia, PA, for Presbyterian Medical Center/University of Pennsylvania, Presbyterian Medical Center, Babis Pharmacy and Bradley W. Fenton, M.D.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

This case involves purely state law claims, namely, (1) products liability and failure to warn, (2) common law fraud and intentional misrepresentation, (3) negli-

gence, (4) corporate negligence, (5) medical negligence, and (6) loss of consortium. Plaintiffs Christine C. Shubert, Esquire, as Trustee of the Estate of Edward M. Mezvinsky, and Marvin Krasny, Esquire, as Trustee of the Estate of Marjorie Margolies–Mezvinsky, brought suit in the Philadelphia Court of Common Pleas, essentially alleging that Edward M. Mezvinsky's ingestion of the antimalarial drug "Larium," which he took throughout the 1990s, caused him to suffer from a wide range of emotional and physical injuries, and that as a result of a psychiatric syndrome caused by the drug, Mr. Mezvinsky incurred many debts. Plaintiffs essentially premise liability on defendants' alleged failure to warn Mr. Mezvinsky of the possible risks associated with Larium and alleged failure to properly medically treat Mr. Mezvinsky.

Defendants removed the action pursuant to 28 U.S.C. § § 1446(a) and 1452(a), asserting that jurisdiction was proper under 28 U.S.C. § 1334(b) because this civil action is related to two bankruptcy cases, *In re Edward M. Mezvinsky,* Civ. A. No. 00–10745, and *In re Marjorie Margolies–Mezvinsky,* 265 B.R. 681 (Bkrtcy.E.D.Pa.2001), which are pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Division.[1]

Presently before the Court is the motion of plaintiffs to abstain and remand this case to the Philadelphia Court of Common Pleas (Document No. 8), pursuant to 28 U.S.C. § § 1446(b) and 1334(c). Plaintiffs also move this court to grant costs and attorney fees in their favor pursuant to 28 U.S.C. § 1447(c). Upon consideration of the motions, the response, and the reply, and for the following reasons, I will grant the motion of plaintiffs to remand, and will deny their motion for fees and costs.

**Analysis**

*A. Motion to Remand and Abstain*

Under 28 U.S.C. § 1452(a), a party may remove any claim or cause of action to the district court as long as the district court has jurisdiction under 28 U.S.C. § 1334(b).[2] Under 28 U.S.C. § 1452(b), the district court may remand such removed claim or cause of action "on any equitable ground." A decision to grant or deny remand is not reviewable by the court of appeals. *See* 28 U.S.C. § 1452(b). For the reasons which follow, I conclude that even if this Court were to have jurisdiction under § 1334(b), the factors which govern whether a district court should remand under § 1452(b) weigh in favor of remand.[3]

---

**1.** Plaintiffs are citizens of Pennsylvania as are the defendants, thus diversity jurisdiction does not lie. *See* 28 U.S.C. § 1332.

**2.** § 1334(b) reads, "....the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under title 11."

**3.** I find it worth noting that parties have included considerable briefing on the issue of whether this Court has subject matter jurisdiction under § 1334(b), and if so, whether this Court must or should abstain from hearing the case under § 1334(c). My research unearthed considerable disagreement among the courts in this circuit and beyond on the

issue of whether abstention can be considered in the context of a remand and whether § 1334(c)(2), which dictates mandatory abstention, as distinct from permissive abstention which is dictated by § 1334(c)(1), requires a parallel suit to be pending in state court. *See, e.g., In re Midgard Corp.,* 204 B.R. 764, 773–74 (10th Cir. BAP 1997) (detailing split among the courts and collecting many cases); *In re Royal,* 197 B.R. 341, 350–51 (Bankr.N.D.Ala.1996) (same). My research also reveals that the Court of Appeals for the Third Circuit has not directly had this issue before it. Because I find that § 1452(b) resolves the issue before me, I will not address the merits of the arguments on either side of this particular abstention debate.

■ Courts have broad discretion in remanding cases. *See In re Grace Community, Inc.*, 262 B.R. 625, 2001 WL 589462 (Bankr.E.D.Pa.2001) (publication page references not available). In determining whether to grant remand on any equitable ground, most courts have been guided by the following seven factor test:

(1) the effect on the efficient administration of the bankruptcy estate, (2) the extent to which issues of state law predominate, (3) the difficulty or unsettled nature of the applicable state law, (4) comity, (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (6) the existence of a right to a jury trial, and (7) prejudice to the involuntarily removed [parties].

*See, e.g., Id.*, 262 B.R. 625, 2001 WL 589462, at n. 6 (collecting cases); *In re RBGSC Inv. Corp.*, 253 B.R. 369, 381–82 (E.D.Pa.2000); *In re Raymark Industries, Inc.*, 238 B.R. 295, 299 (Bankr.E.D.Pa. 1999) (collecting cases).

■ I begin by analyzing the extent to which the civil action is related to the pending bankruptcy cases. For the purposes of 28 U.S.C. 1334(b), civil proceedings are related to bankruptcy proceedings if, *"the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *impliedly overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (emphasis in original) (citations omitted). *See also CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 191 (3d Cir.1999) (applying *Pacor* test). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994. However, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b) ]. Judicial economy itself does not justify federal jurisdiction." *Id.*

Plaintiffs concede that if they are successful in the civil action there will be more money in the bankrupts' estate to pay creditors. (Pls.' Mot. at ¶ 19; Pls.' Mem. at 6.) The fact that the civil suit could conceivably impact the asset pool would appear to make the case "related to" the bankruptcy proceeding. *See Phar–Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 n. 1 (3d Cir.1994) (undisputed that civil lawsuit "will have a direct and substantial impact on the size of Phar–Mor's asset pool available for distribution to creditors and therefore is 'related to' the bankruptcy case"); *In re Bobroff*, 766 F.2d 797, 803 (3d Cir.1985) (determining that tort claims brought by debtor which did not accrue until after a bankruptcy petition was filed was not property of the bankruptcy estate and therefore was not "related to" bankruptcy proceeding; thus premising test on whether cause of action became part of estate); *In re Grace Community, Inc.*, 262 B.R. 625, 2001 WL 589462 (finding "related to" jurisdiction where "possible monetary recovery" could impact administration of bankruptcy estate); *Thomas v. R.J. Reynolds Tobacco Company*, 259 B.R. 571, 575 (S.D.Miss. 2001) ("This court finds that the removed action is 'related to' the bankruptcy case because if a monetary judgment is rendered in favor of [debtor], this award would have the effect of increasing the property of the bankruptcy estate.").

While the civil case seems to meet the test established in *Pacor*, the core legal

issues raised by it have little or nothing in common with the bankruptcy proceedings.[4] The defendants in this case are also not at all connected to the bankruptcy proceedings and plaintiffs' liabilities in bankruptcy context will not be impacted by the outcome of this case. In these aspects, the civil preceding is more remote.

■■ It is also worth mentioning that "related to" cases are referred to as non-core proceedings,[5] *see Halper v. Halper*, 164 F.3d 830, 837 (3d Cir.1999), and "Congress has made it plain that, in respect to non-core proceedings such as this (i.e., cases which assert purely state law causes of action), the federal court should not rush to usurp the traditional precincts of the state court." *Port Auth. of New York and New Jersey v. CCI–Bowers Co.*, Nos. 91–5682, 91–3013, 1992 WL 164441, at *5 (D.N.J. June 15, 1992) (citations omitted). The legislative history of § 1334 indicates that Congress was concerned with the "*constitutionality*" of granting to the federal courts 'related to' jurisdiction in cases where no independent basis for federal jurisdiction existed." *Pacor*, 743 F.2d at 996 n. 16 (emphasis in original). Thus, while the state claims meet the broad "related to" test, when a district court is faced with non-diverse claims which raise only state law questions, the flags of caution are raised.

With that, I move to the first factor and note that " 'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts *so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.*' " *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) (emphasis added) (quoting in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (1984), *impliedly overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)) (citing H. Rep. No. 598, 95th Cong., 2d Sess., 43, 48, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6004–08). The state law claims before me cannot be referred to the Bankruptcy court. Defendants do not consent to final orders or judgment by the bankruptcy judge (Notice of Removal at ¶ 7), thus this Court may not refer this case to a bankruptcy judge under 28 U.S.C. § 157(c)(2).[6] *Cf. In re J & J Towne Pharmacy, Inc.*, No. 99–17560DWS, 2000 WL 568355, at *12 (Bankr.E.D.Pa. May 5, 2000) (determining that refusal by party to consent to final order or judgment by bankruptcy court is indicative of forum shopping). Likewise, the jury demand seems to prevent adjudication in a bankruptcy court and weighs in favor of remand. *See In re Micro Design Inc.*, 120 B.R. 363, 368 (E.D.Pa.1990) (ob-

---

**4.** Defendants argue that the fact that many of the damages claimed in the civil suit will be directly determined by the result of discharge or reaffirmation in the bankruptcy court weighs in favor of this Court retaining jurisdiction. While it would appear that plaintiffs would not be able to recover damages for debts that are discharged, as plaintiffs counter, such action would simply mean that plaintiffs would be unable to present evidence of such damages.

**5.** Core proceedings, on the other hand, either invoke a substantive right under Title 11 or could only arise in the context of a bankrupt-

cy case. *See Halper v. Halper*, 164 F.3d at 836.

**6.** § 157(c)(2) provides, "Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title."

In addition, it is likely that this case would qualify as a personal injury tort which under § 157(b)(5) must be tried in the district court.

serving apparent lack of authority to conduct a non-core jury trial); *CCI Bowers Co.*, 1992 WL 164441, at *5 ("demands for jury trial in non-core proceedings have been considered a sufficient ground for an equitable remand") (citations omitted); *In re Micro Design, Inc.*, 120 B.R. at 368 (observing that jury demand is "strong consideration" for remand and collecting cases).

Because the case would not be tried in the bankruptcy court handling the bankruptcy estate, adjudication of the civil claims in this Court would not create a situation whereby the bankruptcy estate is handled in a more "efficient" and "expeditious" manner. In other words, if these state claims cannot be heard in the bankruptcy court, it seems from an efficiency standpoint to make little difference which court hears the claims. *See In re Micro Design, Inc.*, 120 B.R. at 368.

■ Out of respect for the state court system and concepts of federalism, however, it makes sense to have these claims heard in a state forum. Factors two, three, and four of the factors laid out in *Grace Community*, *supra*, address these concerns. I recognize that this suit has not spent a considerable length of time in the state court and thus comity is not a factor of great import here. *See, e.g., Vector Whippany*, 181 B.R. at 793 (finding as on "overarching consideration" the fact

that case spent a year in state court); *Lambert v. Blackwell*, 134 F.3d 506, 514 n. 18 (3d Cir.1997), *cert denied*, —— U.S. ——, 121 S.Ct. 1353, 149 L.Ed.2d 284 (2001) ("doctrine of comity teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter") (citations omitted). Be that as it may, this case involves only state law claims. The citizens are not diverse and no federal question is raised. While this Court is regularly faced with the challenge of applying state law, and I have no doubt that I could effectively accomplish that task here, I heed to the maxim that state courts are better suited to handle state claims. As to the final factor, plaintiffs assert prejudice in that they are being denied their choice of forum. *See CCI– Bowers Co.*, 1992 WL 164441, at *6.

To summarize, in considering equitable remand here, the factors addressing concerns of efficiency and the administration of the bankrupt estate, as well as those factors which speak to the notion of federalism and a respect for state sovereignty each weigh in favor of remand. In addition, remand affords proper deference to the plaintiff's choice of forum. Therefore, consideration of the relevant factors lead to the conclusion that equitable remand is appropriate here.[7]

---

7. Bolstering my conclusion here, I turn to *Belcufine v. Aloe*, 112 F.3d 633, 638 n. 6 (3d Cir.1997), where the Court of Appeals for the Third Circuit, in dicta, raised the possibility that removal may not be proper in an action that is "related to" a bankruptcy case, but does not "arise under" federal law:

> 28 U.S.C. § 1452 . . . specifically authorizes the removal of most claims or actions over which the district court has subject matter jurisdiction under 28 U.S.C. § 1334. In *Pacor*, we said that "sections 1441–1447 were never meant to be read into the proce-

dures for bankruptcy removals." 743 F.2d at 992. However, in *Things Remembered, Inc., v. Petrarca*, 516 U.S. 124, 127, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995), the Supreme Court held that the procedural requirements under 28 U.S.C. § 1447(d) apply to a case that is removed under the special bankruptcy removal provision, 28 U.S.C. § 1452, that the defendants utilized here. . . . Consequently, if the reasoning of *Things Remembered* applies to 28 U.S.C. § 1441(b), [which requires original jurisdiction for removal] as well as 28 U.S.C.

## B. *Motion for Fees and Costs*

 Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." 28 U.S.C. § 1447 Commentary on 1988 Revision of Section 1447. It is not necessary to find that defendants acted in bad faith in removing the case. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir.1996). While I find that removal was improper in this case, I base that conclusion on my discretionary authority to remand for any equitable reasons. Thus, I do not find that defendants' arguments were either "frivolous" or "insubstantial," rather that they were presented in earnest. *See Mints*, 99 F.3d at 1261 (affirming district court's decision to grant fees and costs because "the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial"); *The Bachman Co. v. Mac-Donald*, No. Civ. A. 00–5382, 2001 WL 364045, at *7 (E.D.Pa. Apr.9, 2001); *Thomas v. Hanley*, No. Civ. A. 97–2443, 1997 WL 563402, at *7 (E.D.Pa. Sept.2, 1997).

In conclusion, I will grant the motion of plaintiff to remand pursuant to 28 U.S.C. § 1452(b) and will deny their motion for fees and costs. An appropriate Order follows.

### *ORDER*

**AND NOW** this 3rd day of August, 2001, upon consideration of the motion of plaintiffs Christine C. Shubert, Esquire, as Trustee of the Estate of Edward M. Mezvinsky, and Marvin Krasny, Esquire, as Trustee of the Estate of Marjorie Margolies–Mezvinsky to abstain and remand this case to the Philadelphia Court of Common Pleas (Document No. 8), pursuant to 28 U.S.C. § § 1446(b) and 1334(c), and the motion of plaintiffs to grant costs and attorney fees in their favor pursuant to 28 U.S.C. § 1447(c), the response, and the reply having concluded for the reasons set forth in the foregoing memorandum that equitable remand is called for pursuant to 28 U.S.C. § 1452(b), and that the removal petition was neither frivolous nor insubstantial, it is hereby **ORDERED** that the motion to remand is **GRANTED,** the amended notice of removal is stricken, and the motion for costs and attorney fees is **DENIED.**

It is further **ORDERED** that this action is hereby **REMANDED** to the Court of Common Pleas of Philadelphia County,

§ 1447(d), the former provision applies in this case. To read Sections 1452 and 1441(b) as working in conjunction would provide plaintiffs in "related to," but not "arising under," cases with greater control over the choice of forum than defendants. *Cf.* Richard H. Fallon, Jr., Daniel J. Meltzer and David L. Shapiro, *The Federal Courts and the Federal System* 1616 (1996) (noting, in the context of removal, that there are a number of federal statutes under which defendants are denied the choice of forum given to plaintiffs). Under such a system, a state law claim that was "related to," but not "arising under," a title 11 proceeding,

could be brought by the plaintiff in a state court of the state in which the defendant was a citizen, and *would not be removable, even though the case could have originally been brought in federal court. See* 28 U.S.C. §§ 1441(b) & 1452.

(emphasis added). Ultimately, the court of appeals declined to answer this most interesting question that it posed *sua sponte.* Because this passage from *Belcufine* contains no binding law, my decision here today does not rest on it alone. Rather, I point out the possibility that removal may never have been proper in the case before me.

Pennsylvania at Case No. 2971, March Term, 2001, and that the Clerk of this Court shall forthwith cause the file and record to be delivered to the Prothonotary of the Court of Common Pleas of Philadelphia County.