In re Thomas UNDERWOOD, Debtor.

Thomas Underwood, Plaintiff,

v.

United Student Aid Funds, Inc. dba, USA Funds, Defendant.

Bankruptcy No. 95–34593.
Adversary No. 03–3049.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Sept. 19, 2003.

---

Inza E. Johnson–Hebb, Wilmington, OH, for Thomas E. Underwood.

Robert B. Berner, Bailey Cavalieri, L.L.C., Dayton, OH, for United Student Aid Funds, Inc. d/b/a U.S.A. Funds.

DECISION ON ORDER RE: (1) EXER-
CISE OF DISCRETIONARY AB-
STENTION AND REMAND OF
THIS PROCEEDING TO STATE
COURT, (2) DENYING MOTIONS
TO REOPEN AND (3) RELATED
MOTIONS

THOMAS F. WALDRON, Bankruptcy Judge.

### Background

Thomas Underwood (the Debtor) filed a Chapter 7 bankruptcy on December 21,

1995. [Estate Doc. 1–1] The Debtor scheduled an unsecured student loan debt on Schedule F in the amount of $3,000. [Estate Doc. 1–1][1] The Debtor received a discharge on June 12, 1996. [Estate Doc. 18] The case was closed on July 11, 1996. [Estate Doc. 20–1] At the time the case was filed, section 523(a)(8)(A) of the Bankruptcy Code, which address the dischargeability of student loans, followed the "seven year rule" for student loans, which allowed loans due over seven years (excepting applicable payment suspensions) to be discharged without the necessity of a showing of undue hardship. For reasons not apparent in the record, neither party commenced an adversary proceeding, or completed any other filings, in connection with the dischargeability of the Debtor's student loans during the administration of the chapter 7.

In response to the collection efforts of United Student Aid Funds (United), the Debtor, on January 31, 2003, filed a lawsuit in the Court of Common Pleas, Highland County, Ohio, alleging United violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Ohio Revised Code § 1345, *et seq.,* the Consumer Sales Practices Act. [Adv. Doc. 1—Exhibit A] The complaint alleged, in essence, that United, in violation of state and federal law, attempted to collect a student loan debt that was discharged in the chapter 7. United answered, denying all the allegations and counterclaiming for the balance

due. United's position, disputed by the Debtor, is that seven years under former 11 U.S.C. § 523(a)(8)(A) had not yet passed at the time of the bankruptcy filing and, therefore, the student loan debt remains due. On March 10, 2003, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, United removed the state court action to the Bankruptcy Court. [Adv. Doc. 1] The case was given Adversary No. 03–3049 by the Clerk and assigned to the Dayton court location pursuant to Local Rule 1071–1(c). [See Adv. Docs. 2, 3, 4, 6 and 7]

In the estate case, United moved to reopen pursuant to 11 U.S.C. § 350(b).[2] [Estate Doc. 21–1] As a result of the failure to timely respond, the court entered a default order reopening the case [Estate Doc. 23–1]; however, after the Debtor obtained counsel, who filed an objection [Estate Doc. 26–1], the court vacated the earlier order. [Estate Doc. 28] United filed a Reply [Estate Doc. 29] and a Supplemental Reply to the objection. [Estate Doc. 30]

On April 28, 2003, United moved for default in the adversary proceeding based on the Debtor's failure to file a statement required by Bankruptcy Rule 9027(e)(3)[3] and the Debtor's failure to respond timely to the counterclaim originally filed in the state court proceeding. [Adv. Doc. 13] The debtor filed a Motion to allow the answer out of time [Adv. Doc. 22] and an answer to the counterclaim. [Adv. Doc. 23]

---

1. According to a filing of United [Doc. 13—P. 1], the current amount sought from the Debtor is $3,783.95, plus interest at 9 percent annum after February 26, 2003 and other unspecified costs.

2. 11 U.S.C. § 350(b) states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

3. Bankruptcy Rule 9027(e)(3) states, in part, that "[a]ny party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. . . ."

The court subsequently held pretrial conferences on May 7 and June 10, 2003. The court advised counsel it was considering exercising discretionary abstention and/or the remand of this proceeding back to the state court, which would provide a single forum for the resolution of all claims and defenses. The court, in a June 10, 2003 order [Adv. Doc. 17], established a schedule, based on dates agreed to by the parties, for filing all memoranda concerning (1) the standard and appropriateness of discretionary abstention and/or remand of this proceeding back to the Highland County (Ohio) Court of Common Pleas, (2) the motion to reopen, (3) any issues related to the dischargeability of this student loan and (4) any issues related to the state court complaint removed to this court by United. United and the Debtor filed briefs. [Adv. Docs. 20 and 21] United also filed a reply brief. [Adv. Doc 24]

Despite this court's attempt to manage this proceeding to decrease, not increase, the potential for multiple filings and delay, and the clear intent of the prior order fixing agreed dates, concluding on July 31, 2003, for the filing of any memoranda in connection with all pending issues, the Debtor on September 11, 2003 filed two motions: *Motion to Reopen Case* [Estate Doc. 35] and *Motion For Contempt For Violation of the Automatic Stay of 11 U.S.C. § 341 or the Permanent Injunction of 11 U.S.C. § 524* [Estate Doc. 36]. These belated filings, which merely recharacterize the already pending issues, are "timely," despite their inconsistency with the most recent order [Adv. Doc. 17]; however, based on the court's review, these filings do not require a response from United and do not provide a basis to delay the court's decision determining all pending issues.

### Issue

The threshold issue in this estate case and related adversary involving a student loan is whether this court should remand and/or exercise discretionary abstention and return part or all of this proceeding to the Highland County (Ohio) Court of Common Pleas, where the parties have filed pleadings raising the enforceability of the student loan debt and other related causes of action and defenses under non-bankruptcy state and federal laws. The court concludes that the return of all issues in this proceeding to the Highland County (Ohio) Court of Common Pleas is the most appropriate determination in these circumstances.

### Law and Analysis

#### Pre—October 7, 1998 11 U.S.C. § 523(a)(8)

Under the version of 11 U.S.C. § 523(a)(8) in effect when the Debtor filed chapter 7, a student loan could be discharged based on the age of the loan (i.e. undue hardship was not the exclusive basis for discharge). The statute stated:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will

impose an undue hardship on the debtor and the debtor's dependents (underlining added). This version was eliminated after October 7, 1998.[4]

### Discretionary abstention— 28 U.S.C. § 1334(c)(1)

28 U.S.C. § 1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

 Permissive abstention is available in a core as well as a non-core proceeding. *In re Tremaine*, 188 B.R. 380, 384 (Bankr.S.D.Ohio 1995). Abstention from the exercise of federal jurisdiction is considered the exception, not the rule. *Id.* (citation omitted) The decision to abstain is in the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity to be heard. *Id.* (citation omitted). The following non-exclusive factors have been cited as relevant:

(1) the effect or lack of effect on the efficient administration of the estate if a court abstains;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of this court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties; and

(13) any unusual or other significant factors.

See *id.* at 384–85, *quoting Nationwide Roofing & Sheet Metal v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.)*, 130 B.R. 768, 780 (Bankr. S.D.Ohio 1991) These factors are considerations, not compelling criteria, and are to be balanced by the court in reaching a determination.

 The presence of factors (1), (4), (6), (10) and (11), coupled with both parties' failure to raise the underlying dischargeability issue during the Debtor's bankruptcy, which was closed over seven years ago, and the allegations in the parties' pending state court action raising causes of action and defenses concerning non-bankruptcy federal and state laws, provide ample basis for this court to exercise discretionary abstention. It is clear that state courts have concurrent jurisdiction with bankruptcy courts to enter final determinations concerning the dischargeability of student loans. *Arnold v. Sallie Mae Servicing Corp. (In re Arnold)*, 255

---

4. An older version of 11 U.S.C. § 523(a)(8)(A) used a five year statute of limitations. Previous to that version of the statute, student loans were not an exception to a discharge.

B.R. 845, 850 (Bankr.W.D.Tenn.2000); *The Cadle Co. v. White*, 1999 WL 218755, *2 (Ohio Ct.App. April 16, 1999)

The parties present two factual disputes in connection with whether the loan in question falls within the seven year rule of former 11 U.S.C. § 523(a)(8)(A): (1) a dispute concerning an alleged six month deferment from payment and (2) a dispute concerning the timing of a deferment for military service. It is significant that both parties had two previous opportunities to litigate this, or any other issue, concerning the dischargeability of this student loan in the bankruptcy court. As noted, neither party filed an adversary proceeding, nor did either party take any other action, concerning this student loan during the December, 1995 to July, 1996 period the Chapter 7 case was pending in this court. Additionally, United never sought to resolve the dispute concerning the dischargeability of this student loan by reopening this case prior to taking collection action, nor prior to responding and filing a counterclaim in the state court case. Similarly, the Debtor chose to file a lawsuit in state court rather than seeking to reopen the bankruptcy estate case. In short, both parties declined two separate opportunities to resolve these issues in the bankruptcy court and chose the state court as the appropriate forum to resolve their disputes.

In the circumstances of this proceeding, this court finds the state court is the proper forum to determine the seven year dispute under former 11 U.S.C. § 523(a)(8)(A) and all related non-bankruptcy causes of action and defenses raised in the parties' underlying state court filings. The issues involved in determining the seven year period and the length of various payment suspensions do not present a complicated question of bankruptcy law and are clearly capable of determina-

tion by the state court. This court also determines the related causes of action, particularly the state law claims and defenses, are more appropriately decided by the state court.

■ Finally, the court disagrees with counsels' characterization that the causes of action alleged by the Debtor in the state law complaint are an attempt at an improper enforcement of the discharge injunction. [See Adv. Doc. 20—P. 3—4] The Debtor, in his brief, states "the issue of civil contempt pursuant to 11 U.S.C. § 524 and the issues pled in the State court are one and the same." [Adv. Doc. 21—P. 4] The court notes that, if that were the circumstances of this proceeding, the federal, not the state, court would be the appropriate forum. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir.2000) (Debtors' state law claims for unjust enrichment and an accounting are preempted because these claims presuppose a violation of the Bankruptcy Code and are preempted by federal law.) These, however, are not the circumstances in this proceeding, since the issues presented involve a student loan, in which the statutory default results in a student loan not being discharged, rather than the student loan being discharged.

■ Despite counsels' current characterization of these issues, there cannot be a discharge violation in connection with a student loan debt until there is a judicial determination that the student loan debt is encompassed by the discharge, rather than an exception to the discharge. Again, neither party took any action with regard to the student loan debt while this chapter 7 case was pending in the bankruptcy court. As a result of the statutory provision (11 U.S.C. § 523(a)(8)) and, most importantly, the absence of any action resulting in a specific determination by the bankruptcy court that the student loan debt was dis-

charged, or a determination that there was no amount due on the student loan debt or any amount due was limited to a specific sum, the result is this entire student loan debt remains due, until there is a subsequent judicial determination to the contrary. See *Jones v. I.T.T. Tech. Institute,* 38 B.R. 968 (Bankr.S.D.Ohio 1984) (523(a)(8) is self executing); *Bachner v. Illinois (In re Bachner),* 165 B.R. 875 (Bankr.N.D.Ill.1994) (Creditor not required to file an adversary to challenge the nondischargeability of a student loan under former 11 U.S.C. § 523(a)(8)(A)); *The Cadle Co.* at *2 (The court stating that "[A] student loan is presumed *not* to be discharged in bankruptcy unless a specific determination of the loan's dischargeability under section 523(a)(8) is made." (italics in original)); See also *In re Ruehle,* 296 B.R. 146, 151 (Bankr.N.D.Ohio 2003) (containing an extended discussion of the procedural and substantive issues involved in student loan bankruptcies and collecting cases.)

### *Standard for Remand— 28 U.S.C. § 1452(b)*

28 U.S.C. § 1452(b) provides that:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

 The key phrase is "any equitable ground" which provides the bankruptcy court with broad authority and discretion in determining whether to remand a proceeding. See *Grace Community, Inc. v. KPMG (In re Grace Community, Inc.),* 262 B.R. 625, 629 (Bankr.E.D.Pa.2001). In reviewing the standards for remand, it is evident that remand is generally appropriate where grounds for discretionary abstention exist. In deciding the appropriateness to remand a proceeding, some courts have used a seven part test which addresses similar considerations to the considerations involved in a decision to exercise discretionary abstention:

(1) the effect of the efficient administration of the bankruptcy estate;

(2) the extent to which issues of state law predominate;

(3) the difficulty or unsettled nature of applicable state law;

(4) comity;

(5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(6) the existence of the right to a jury trial;

(7) prejudice to the involuntarily removed defendants.

*Id.* at 629, footnote 6 For the reasons set forth in this decision in connection with discretionary abstention, the court determines this case is appropriate to remand to the state court.

### *Conclusion*

 The court finds it appropriate, in these circumstances, to exercise discretionary abstention under 28 U.S.C. § 1334(c)(1). Alternatively, the court remands all issues in this proceeding to the Highland County (Ohio) Court of Common Pleas pursuant to 28 U.S.C. § 1452(b). For reasons set out more fully in this decision, the two motions to reopen the estate case: *Motion to Reopen Case* [Estate Doc 21–1] and *Motion to Reopen Case* [Estate Doc. 35], are **DENIED**. There is no "cause" to reopen this proceeding under 11 U.S.C. § 350(b) because it is being re-

turned to state court and all relief which may be accorded to the Debtor is equally available in the state court, where the Debtor and United originally chose to litigate these issues and raise additional non-bankruptcy causes of action and defenses. The *Motion for Contempt For Violation of the Automatic Stay of 11 U.S.C. § 341 or the Permanent Injunction of 11 U.S.C. § 524* is also **DENIED**. [Estate Doc. 36] The automatic stay has no application in this proceeding and, as explained, the student loan debt, without a separate determination of the bankruptcy court concerning dischargeability or the allowed amount of the student loan claim, is not encompassed by the injunction afforded a chapter 7 debtor who receives a discharge. The other pending motions in this adversary proceeding, *Defendant Student Aid Funds, Inc. Application For Default Judgment Against Thomas E. Underwood On Counterclaim* [Adv. Doc. 13] and the *Motion to Allow Answer Out Of Time* [Adv. Doc. 22] are **DENIED** as **MOOT**.

The original of this decision shall be entered in Adversary No. 03–3049 and a copy, which shall be **DEEMED AN ORIGINAL**, shall be entered in Case Number 95–34593.

**SO ORDERED.**