In re Stanley LOWENBRAUN, Debtor.

**Ethel Lowenbraun, Plaintiff,**

v.

**Thomas W. Frentz and Charles G. Middletown and Middletown & Reutlingen, PSC, Defendants.**

Bankruptcy No. 99–30146.
Adversary No. 04–3068.

United States Bankruptcy Court, W.D. Kentucky.

July 16, 2004.

Jan C. Morris, Lowen & Morris, Louisville, KY, for Debtor.

Thomas L. Canary, Jr., Louisville, KY, for Trustee.

Bryan Nicholas Coomer, Louisville, KY, for Plaintiff.

John R. Martin, Landrum & Shouse, Louisville, KY, for Defendants.

## MEMORANDUM ON MOTION FOR MANDATORY ABSTENTION

DAVID T. STOSBERG, Chief Judge.

This matter comes before the Court on the plaintiff's Motion for Mandatory Abstention. After the defendants opposed the motion, the Court heard oral arguments on July 6, 2004. After reviewing the relevant pleadings, the arguments by counsel, the case history of this adversary and related main bankruptcy case, the Court makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

Plaintiff initiated her complaint against the defendants on March 7, 2003, in Jefferson County Circuit Court. Plaintiff alleged that the defendants negligently represented her in the bankruptcy adversary proceeding No. 99–3117. On April 2, 2004, the defendants filed their Notice and Application for Removal of State Civil Action to Federal Bankruptcy Court. This Court is unaware of exactly what actions were taken in the state court proceeding as the defendants failed to comply with Fed. R. Bank. P. 9027(a) by attaching a copy of all process and pleadings from the state court matter, other than the original complaint attached to the Notice of Removal. Shortly after the Notice of Removal was filed, the plaintiff filed the Motion for Mandatory Abstention currently before this Court.

In the motion, the plaintiff posits two arguments. First, she argues that the Notice of Removal was filed untimely and that this Court must therefore abstain

from hearing this matter. She argues that under 28 U.S.C. § 1446(b) and Fed. R. Bank. P. 9027(a)(3) the defendants had only a thirty day window to file a notice of removal after receipt of the initial pleading or thirty days after the service of the summons. This removal was filed over a year past the receipt of the initial pleading or service of the summons. Second, she argues that under the principles of mandatory abstention set out in 28 U.S.C. § 1334(c)(2) this Court should abstain from hearing this matter.

The defendants counter that the Notice of Removal was filed within thirty days of the service of a Third Party Summons and Complaint upon Stanley Lowenbraun (hereinafter "Stanley"), the plaintiff's ex-husband and the debtor in this bankruptcy case. With respect to the plaintiff's second argument, the defendants argue that the original action and the third party complaint against Stanley would affect the administration of the estate of the debtor. Specifically, they assert that the actions of Stanley constituted a fraud upon the creditors in the original Chapter 7 Bankruptcy, and exposed the plaintiff to the injuries and damages alleged in her original complaint. It is the defendants' position that they are thus entitled to indemnity from Stanley for any judgment rendered against them for malpractice, or alternatively that Stanley must share an appropriate apportionment of fault. Defendants further dispute that the plaintiff's claims are common law torts based upon state law. Because all of the torts claimed by the plaintiff arose out of the bankruptcy adversary proceeding and would not have occurred but for the bankruptcy, the defendants contend that the claims are not common law torts based upon state law. Finally, the defendants contend that abstention is inappropriate because they may assert a second third party complaint against Thomas Canary, the attorney for the Chapter 7 Trustee.

## II. CONCLUSIONS OF LAW

■ The Court initially notes that the application for removal in this case is insufficient. As stated above, the defendants failed to attach a copy of all the pleadings filed in the state court. Only the complaint is attached. The summons, answer, orders, and any of the other pleadings filed in state court during the last year are not attached. Accordingly, the Court finds that the Removal Application does not comply with Bankruptcy Rule 9027. *In re Tandem Enterprises, Ltd.*, 124 B.R. 283, 285 (Bankr.N.D.Ill.1991).

■ The Court will next address the failure of the defendants to file their Notice of Removal within thirty days of receipt of the initial pleading or service of the summons as required by Fed. R. Bank. P. 9027(a)(3). The state court action was commenced in March of 2003 while the notice of removal was not filed until April of 2004. The defendants argue that they could not remove the action until after they had filed their third party complaint against Stanley. Generally, when the removing party is the plaintiff, or third party plaintiff in this case, the thirty day window begins to run from the receipt of the answer or responsive pleading from the defendant. *In re Boyer*, 108 B.R. 19, 26 (Bankr.N.D.N.Y.1988). Here, due to the failure to comply with Fed. R. Bank. P. 9027(a)(1) by providing copies of all process and pleadings, this Court cannot determine at what point this Notice of Removal was filed in relation to the third party defendant's answer or responsive pleading. However, as discussed *infra*, the issue of abstention can be answered regardless of the timeliness of the notice of removal.

▮ Section 1334(c) of Title 28 governs abstention, both permissive and mandatory, for bankruptcy courts. "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *In re Norrell,* 198 B.R. 987, 997 (Bankr.N.D.Ala.1996) *citing Cook v. Griffin* 102 B.R. 875, 877 (N.D.Ga.1989). This Congressional purpose carries great weight in favor of abstention. In the Sixth Circuit, a bankruptcy court must abstain from exercising jurisdiction over a case removed pursuant to 28 U.S.C. § 1452(a), and remand that proceeding when the statutory prerequisites of 28 U.S.C. § 1334(c)(2) are satisfied. *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 584 n. 3 (6th Cir.1990).

▮ Mandatory abstention, as set forth in 28 U.S.C. § 1334(c)(2), results when a proceeding meets the following four criteria: (1) the proceeding is based upon a "state law claim or state law cause of action;" (2) the proceeding is "related to a case under Title 11, but not arising under Title 11 or arising in a case under Title;" (3) the proceeding "could not have been commenced in a court of the United States absent jurisdiction under this section;" and (4) the claim or proceeding is one as to which "an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2); *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.),* 86 F.3d 482, 497 (6th Cir.1996).

▮ The first criteria requires the proceeding to be based upon a state law claim or state law cause of action. Despite the defendants' protestations to the contrary, the plaintiff correctly contends that this malpractice action is based upon a state law claim. The defendants' conten-tion that these alleged malpractice claims are not common law torts based upon state law because they occurred in the bankruptcy context is simply an erroneous contention. Malpractice is a state law tort no matter the forum in which the alleged malpractice may have occurred.

▮ The second criteria is also satisfied. There can be no question that this cause of action does not arise in or arise under Title 11. Proceedings "arising in" Title 11 are a reference to those "administrative" matters that arise only in bankruptcy cases and are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy. *In re Wolverine Radio Co.,* 930 F.2d 1132 (6th Cir.1991). A proceeding "arising under" Title 11 is any proceeding that would not occur but for a Bankruptcy Code provision. *Matter of Van Huffel Tube Corp.,* 71 B.R. 155(Bankr.N.D.Ohio 1987). The defendants vigorously argue that this action is intertwined with the bankruptcy case. This Court rejects the defendants' conclusions and would further question whether the action is related to the bankruptcy case at all, especially considering that any liability imposed against Stanley for post petition activities is not a liability of the estate. Of course, it is impossible for this Court to determine exactly what was pled against Stanley considering the absence of the third party complaint. In any event, it makes little difference under 28 U.S.C. § 1334(c)(2) if the action is related to the Title 11 case so long as it does not arise in or under Title 11.

With respect to the contention the trustee's attorney may be joined in yet another third party complaint, the Court further disagrees with the defendants' contention that this somehow precludes abstention. From what the Court can glean from the pleadings and oral argument, his presence

would be as a witness, and not as a third party defendant. This Court is hard pressed to find a connection between the actions of Mr. Canary as attorney for the trustee and the defendants' alleged malpractice. Whether the defendants adequately or competently represented the plaintiff is the question that must be answered. Actions others, such as the trustee's attorney Mr. Canary, may have taken may be relevant to that determination but they do not transmogrify this action into one "arising in" or "arising under" Title 11.

Turning to the third criteria, that the proceeding could not have been commenced in a court of the United States absent bankruptcy jurisdiction, it is clear that this action could not have been commenced in a federal court absent bankruptcy jurisdiction. No federal question is involved that would provide jurisdiction under 28 U.S.C. § 1331 and jurisdiction would not exist under 28 U.S.C. § 1332 for actions between citizens of different states.

The last criteria requires that the action can be timely adjudicated in a state forum of appropriate jurisdiction. This matter has been pending in state court for over a year, and according to the plaintiff was set for a jury trial when the Notice of Removal was filed. The Court easily concludes that the matter would have been adjudicated in a timely fashion in a state court forum but for the filing of the notice of removal. Defendants did not address this issue and the Court can only conclude that they agree with this conclusion.

 Having met the criteria set forth above for mandatory abstention under 28 U.S.C. § 1334(c)(2), this Court must agree with the plaintiff that it should refrain from exercising jurisdiction over this matter and should remand the action back to state court for further proceedings. Even if this Court had found that mandatory abstention under § 1334(c)(2)

did not apply, this Court would still abstain under § 1334(c)(1) and equitably remand this case under § 1452. Section 1334(c)(1) of Title 28 provides for discretionary abstention in the interest of justice, or in the interest of comity with state courts or respect for state law. In *In re White Motor Credit*, 761 F.2d 270 (1985), the Sixth Circuit stated that "... federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Id.* at 274 (quotations omitted). The factors to be considered in determining whether permissive abstention is appropriate are similar to the factors used in analyzing whether equitable remand is appropriate. Courts have listed the following non-exclusive factors as relevant: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *In re Tremaine*, 188 B.R. 380, 384 (Bankr.S.D.Ohio

1995); *See also In re Underwood,* 299 B.R. 471 (Bankr.S.D.Ohio 2003). Most, if not all, of these factors lead this Court to find in favor of abstention. This is a case wherein the action is clearly based in state law, and, notwithstanding the defendants' innovative attempts to bring in a bankruptcy angle, should be advocated in state court. The action started as a suit between two non-debtor parties, and only after an eleventh hour third party complaint was a discharged debtor brought into the case, under some unknown criteria. Any connection to the bankruptcy estate is tenuous at best and nonexistent at worst. Moreover, removal to this court could also be construed as a not-so-thinly disguised attempt to forum shop which this Court will not condone. Title 28 U.S.C. § 1452(b) gives this Court the discretion to remand "on any equitable grounds." Equitable grounds certainly exist here to remand.

The Court shall enter an Order this same date in accordance with the holding of this Memorandum.