**In re LTV STEEL COMPANY, INC., Debtor.**

No. 00–43866.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Nov. 22, 2006.

Carl E. Black, Kathleen B. Burke, Lisa B. Gates, Nicholas M. Miller, Ryan Routh, Shana F. Klein, Jones Day, Matthew T. Fitzsimmons, Nicola, Gudbranson & Coo-per, LLC, David M. Neumann, Heather Lennox, Hernan N. Visani, Richard M. Cieri, Thomas A. Wilson, Cleveland, OH, Linda A. Kontos, Hennigan Bennett & Dorman LLP, Joshua M. Mester, Los Angeles, CA, Justin W. Ristau, Kasey T. Ingram, Columbus, OH, Paula A. Schmeck, Thorp Reed & Armstrong LLP, Pittsburgh, PA, Peter M. Bryce, Davis Polk & Wardwell, New York, NY, Saul B. Goodman, Covington & Burling, Washington, DC, Shawn J. Organ, Jones Day, Columbus, OH, for Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is William Bricker's Motion for Issuance of an Order Upon BSA Investments, Inc. And Bruce Adelstein to Show Cause for Violating the Release Provision Contained in a Certain Stipulation and Order Entered in Adv. Proceeding No. 02–4252 on September 25, 2003. Also before the Court is Motion of BSA Investment for Sanctions Pursuant to Bankruptcy Rule 9011 and Motion for an Order Finding that No Hearing Should be Held on Movant Bricker's Motion for an Order to Show Cause, for Injunctive Relief and for Damages. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. After considering both motions, responses, supplemental briefs, and conducting a hearing, the Court rules as follows:

\*

Movant Bricker asks this Court to enjoin further litigation in state court based on a settlement agreement and release approved by this Court in Adv. Proceeding No. 02–4252 on September 25, 2003. Although Mr. Bricker was not specifically named in the settlement agreement and

release, he claims that the general release provision applies to him and that the lawsuit filed in state court by BSA and Adelstein involves claims that were or should have been the subject of BSA's counterclaim in the Adversary Proceeding.

In response to Movant Bricker's Motion. BSA filed a Motion for Sanctions Pursuant to B.R. 9011. BSA alleges that Movant Bricker's Motion is frivolous and that the Motion should be denied because the adversary proceeding in which the settlement agreement was entered is closed, Movant Bricker does not have standing to move to re-open the case because he was not a party to the adversary proceeding and is not a party interest and Movant Bricker is barred by the doctrine of laches from bringing the Motion because the state court litigation has been pending for nearly eight months.

\* \*

**Movant Bricker's Motion**

 The issue for the Court is whether it should decide a motion to enforce a settlement agreement brought by a nondebtor party seeking to enjoin a state court from further adjudicating a matter pending before it where the enforcement or non-enforcement of the settlement agreement will not have any impact on the administration of the bankruptcy estate. Section 1334(c)(1) states that:

> (c)(1) Except with respect to a case under Chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). The decision to voluntarily abstain is within "the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity to be heard." *In re Underwood,* 299 B.R. 471, 476 (Bankr. S.D.Ohio 2003). When deciding whether to voluntarily abstain, the following factors should be considered:

> (1) the effect or lack of effect on the efficient administration of the estate if the court abstains;
>
> (2) the extent to which state law issues predominate over bankruptcy matters;
>
> (3) the difficulty or unsettled nature of the applicable state law;
>
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (7) the substance rather than the form of an asserted "core" proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden of this court's docket;
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) the existence of a right to a jury trial;
>
> (12) the presence in the proceeding of nondebtor parties; and
>
> (13) any unusual or other significant factors.

*In re Dayton Title Agency, Inc.,* 304 B.R. 323, 329–30 (Bankr.S.D.Ohio 2004).

 In considering the above factors, the Court finds permissive abstention is

appropriate. Herein, Movant Bricker's motion is a non-core proceeding over which this Court has, at most, related-to jurisdiction. Whether Mr. Bricker, a non-debtor party, was intended to be covered by a settlement agreement with another non-debtor party, and if so, whether the settlement agreement release covers the claims brought in the state court litigation, has absolutely no impact on the administration of this bankruptcy case. In addition, as stated by Movant Bricker, he has raised these same issues in a motion for summary judgment in the state court litigation and is therefore not without an avenue for relief. The doctrine of comity warrants abstention to allow the state court to decide the summary judgment motion already pending.

\* \* \*

**BSA's Motion for Sanctions**

■ BSA moves for sanctions pursuant to Bankruptcy Rule 9011, which states that:

(c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How initiated.*

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions ***may not be filed with or presented to the court,*** unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allega-

tion, or denial is not withdrawn or appropriately corrected.

Bankruptcy Rule 9011 (emphasis added). Herein, BSA failed to comply with the requirement that the motion be served at least 21 days prior to filing it with the Court. BSA states in its motion that it did not learn of Movant Bricker's Motion until August 30, 2006, yet it filed its Motion for Sanctions on September 1, 2006. This is in clear violation of the safe harbor provision found in Bankruptcy Rule 9011 and the *Motion* is procedurally defective. Accordingly, the Motion is denied.

\* \* \* \*

The Court finds that permissive abstention is appropriate and, accordingly, denies Movant Bricker's Motion for Issuance of an Order Upon BSA Investments, Inc. and Bruce Adelstein to Show Cause for Violating the Release Provision Contained in a Certain Stipulation and Order Entered in Adv. Proceeding No. 02–4252 on September 25, 2003. The Court further finds that BSA's Motion for Sanctions is procedurally defective and is hereby denied. Each party is to bear its respective costs.

**IT IS SO ORDERED.**